UNITED STATES of America,
Plaintiff-Appellee,

v.

Lillian TENENBAUM, Gertrude Schafer,
Paul Schafer and Marvin Tenenbaum,
Defendants-Appellants.

No. 14117.

United States Court of Appeals
Seventh Circuit.

Jan. 8, 1964.

Rehearing Denied Jan. 31, 1964.
Certiorari Denied April 20, 1964.
See 84 S.Ct. 1165.

Charles A. Bellows, Jason Ernest Bellows, Sherman C. Magidson, Chicago, Ill., for defendants-appellants.

Frank E. McDonald, U. S. Atty., David P. Schippers, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for the United States.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Lillian Tenenbaum, Gertrude Schafer, her sister, Paul Schafer, Gertrude's husband, and Marvin Tenenbaum, Lillian's son, have appealed from judgments on verdicts against them in a trial under an indictment charging use of the mails to defraud insurance companies.[1]

The substance of the charges is the use of the mails in a scheme to defraud insurance companies of income protection insurance benefits by means of false and fraudulent representations. All defendants were found guilty of conspiracy, and all but Marvin were convicted separately on several substantive counts.

The issues are whether the district court erred in refusing to acquit defendants for failure of any proof of a scheme or conspiracy to defraud; whether reversible error was committed in admitting testimony against Lillian Tenenbaum and in jury argument of government counsel; and whether the court abused its discretion in denying defendants' motion for a pre-sentence investigation. We think each issue must be decided against defendants.

We base our decision upon the conspiracy count alone, because the sentences imposed on the substantive counts were to run concurrently with the conspiracy count, Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943); United States v. Doran, 299 F.2d 511, 514 (7th Cir.1962), cert. denied, 370 U.S. 925, 82 S.Ct. 1563, 8 L.Ed.2d 504, and all sentences are within the punishment prescribed for conspiracy against the United States.[2]

We have taken the evidence most favorable to the government in treating the contention that defendants should have been acquitted on their motions. United States v. Glasser, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Lillian Tenenbaum applied for several income protection insurance policies with various companies, stating falsely that she was employed by the Fairyland Juvenile Store in Skokie, Illinois. Gertrude Schafer also applied for similar policies, stating falsely that she was employed at the Fairyland store, and at Maurice Grundland's jewelry store.

Paul Schafer applied for income protection insurance and. filed fraudulent claims. He was with Gertrude on both occasions when she discussed applications with insurance agents and when, on one occasion, she sought his advice, he told her to take it if "it's a good thing for" her. On these occasions he knew the discussion was about income protection insurance and heard her tell the agents the falsehoods about her salary. He was present when Gertrude referred an agent to her sister, Lillian. He knew she was not employed at either Fairyland or Grundland's. He was with Gertrude when she asked Grundland to verify, falsely, the statement in an application for insurance that she worked for him.

Marvin told, falsely, several insurance investigators that his mother worked for him as a buyer and clerk. He made false statements on an application implying that Gertrude Schafer worked for him. He falsely "signed an application" that he was his mother's employer.

We think this was sufficient evidence to support the indictment that defendants conspired, in a single conspiracy, to devise a scheme to defraud insurance companies by means of false and fraudulent representations. Nilva v. United States, 212 F.2d 115, 121 (8th Cir. 1954), cert. denied, 348 U.S. 825, 75 S.Ct. 40, 99 L.Ed. 650. The jury could reasonably conclude from that evidence that each one of the defendants knew what was being done by the others in the carrying out of a scheme in which Paul Schafer aided Gertrude in falsify-

1. The substantive offenses were in violation of 18 U.S.C. § 1341, and the conspiracy in violation of 18 U.S.C. § 371.

2. If a person is found guilty of a conspiracy against the United States, he can "be fined not more than $10,000 or imprisoned not more than five years, or both." 18 U.S.C. § 371.

ing application, referring an agent to Lillian, and trying to induce Grundland to cover up for Gertrude; and that Marvin participated by backing up the falsehoods told by Lillian and Gertrude.

■ There was no need to prove intent of defendants to use the mails in order to complete the proof of the offense charged against defendants. Blue v. United States, 138 F.2d 351, 359 (6th Cir. 1943), cert. denied, 322 U.S. 736, 64 S.Ct. 1046, 88 L.Ed. 1570 (1944). It was enough to show that the mails were actually used, Ibid., as they were here in mailing applications and policies, inquiring about benefits, and making claims.

■ There is no merit in the contention Lillian Tenenbaum was prejudiced by the admission of testimony of Johnson, of Allstate Insurance Company, that she had applied to Allstate for income maintenance insurance, but that it did not issue a policy to her. The testimony was relevant to supplement testimony of her application to Allstate, one of the "Overt Acts" charged, and her statement to Allstate's agent that she made $400 per month from the Fairyland store.

Defendants claim prejudicial argument on the part of government counsel. The trial lasted six days and was vigorously contested. We have read the arguments of attorneys for both sides on these claims and the trial court's comments when overruling objections to the argument, and we cannot say defendants' substantial rights were affected in the argument. Fed.R.Cr.P. 52(a).

■ The decision of Judge Swygert in United States v. Karavias, 170 F.2d 968 (7th Cir. 1948), does not compel a finding here that the district court abused its discretion in denying defendants' motion for a pre-sentence investigation. The district court in a lengthy post-trial colloquy with defendants and their attorney indicated that the testimony in the six day trial, about de-

fendants and showing the violations, charged in the indictment, extending over seven years, was the reason why he thought a pre-sentence report was unnecessary. The court stated that the range of sentences contemplated the various degrees of guilt.[3] This does not show an abuse of discretion.

Judgments affirmed.

---

3. Lillian Tenebaum was sentenced to thirty months imprisonment; Gertrude Schafer, eighteen months; Paul Schafer, nine months; and Marvin Tenenbaum, six months.