**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John FANNON, Defendant-Appellant.**
**No. 16550.**

United States Court of Appeals
Seventh Circuit.

Nov. 18, 1968.

Judgment Vacated April 1, 1969.
See 89 S.Ct. 1224.

John J. Cleary and Patrick T. Murphy, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Sheldon Davidson, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before CASTLE, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The defendant, John Fannon, and two codefendants were convicted by a jury of charges of fraud by wire, 18 U.S.C. § 1343, the interstate transportation of counterfeit securities, 18 U.S.C. § 2314, and conspiracy to commit such violations, 18 U.S.C. § 371. The district court entered judgment and sentenced the defendant to four years imprisonment. This sentence was to run concurrently with another federal sentence under which the defendant was serving at the time the convictions here in issue were imposed.

The first error relied upon arises out of what the defendant alleges to have been his inadequate legal representation at trial. The defendant contends that the district court's refusal to grant a one-day continuance, requested on the first day of trial by the defendant's attorney, Daniel Becco, who was appointed one week prior to trial, amounted to a denial of the effective assistance of counsel. To properly evaluate this contention, it is essential to set out the occurrences preceding the appointment of attorney Becco. Almost a year before trial, at the time of arraignment, the defendant stated that he had an attorney in New Orleans who had advised him to enter a plea of not guilty; furthermore, he stated that he did not wish local counsel. Although the defendant filed certain pro se motions in the interim, three months after arraignment the defendant represented to the district court that he did not have and could not afford an attorney. As a result, on November 28, 1966, the court appointed an attorney, Arthur Engelland, for the defendant. Six months later, only two weeks before the case was set for trial, the defendant requested that the court dismiss the previously appointed attorney, Engelland, because of the defendant's assurances that he would have his own counsel at the time of trial. The date of the trial was postponed for approximately a month. When the trial was merely ten days away, the defendant still had no attorney of record. In this situation, the trial court appointed attorney Becco as counsel for the defendant. Prior to the selection of the jury, Becco requested a one-day continuance to confer and discuss the case with the defendant. The motion was denied, but the court did delay the selection of a jury for about three hours.

▆▆ In these circumstances, we believe that the defendant may not be heard to claim that he was denied the right to effective counsel. The record demonstrates that the defendant attempted to pervert the system of court-appointed counsel so as to create cause for appeal. The defendant suggests no theory of defense that he could have presented if the continuance had been granted. No representation by attorney Becco has been made indicating that he was in any respect unprepared when the trial finally commenced. Under these facts, the burden is on the defendant to show the ineffective assistance of counsel. The trial court's action in denying the motion for continuance and proceeding to trial was clearly within its discretion. United States v. Kelley, 186 F.2d 598 (7th Cir.), cert. denied, 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed. 1375 (1951); Goforth v. United States, 314 F.2d 868 (10th Cir.), cert. denied, 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035 (1963).

▆ The second error relied upon by the defendant is the failure of the district judge to make an adequate inquiry of the jurors concerning certain alleged prejudicial pretrial publicity relating to one of the defendant's codefendants, Marshall Caifano. A subsidiary argument raised in this regard is that the district judge committed error by his failure to grant a mistrial based upon the jurors' answers to certain inquiries. The record indicates that each prospective juror was carefully examined by the district judge and that each juror who was not dismissed responded that nothing he had read or heard would prejudice him in any way against the defendant and that consequently he could render a fair and impartial verdict. A suggestion for the separate *voir dire* interrogation of each juror out of the presence of the remainder of the prospective panel is urged for the first time on this appeal. But when, as here, no objection was made to the judge's joint interrogation of prospective jurors, a defendant may not be heard to raise the issue for the first time on appeal. In addition, when each juror was individually examined by the judge, defense counsel did not request or submit additional questions. Moreover, we find nothing in what happened during the questioning of the jurors which could have induced prejudice in any juror who heard the questioning and the responses; the mere awareness that some of their

fellow jurors had certain prejudice so as to require that they be excused cannot realistically be said to disqualify those jurors finally selected. United States ex rel. Brown v. Smith, 306 F.2d 596 (2nd Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1012, 10 L.Ed.2d 11 (1963).

The defendant also contends that he was denied his right to effective cross-examination of Government witness, Frederick P. Ackerman, because the Government objected to disclosure of Ackerman's present address. This assertion is unsupported by the record. After counsel for one of the codefendants inquired on cross-examination as to Ackerman's address, the Government objected and requested a side-bar conference. From a reading of the colloquy which took place, it is clear that once codefendant's counsel ascertained that Ackerman was not in prison, he abandoned his questioning as to the witness' address and no further inquiry was made throughout the rest of the cross-examination. It is also relevant that witness Ackerman gave no testimony which related in the slightest to the activities of the defendant Fannon.

The defendant's next contention is that the district judge abused his discretion in denying a presentence investigation report and committed error in imposing an ambiguous and unclear sentence. It is the rule in this circuit that if a trial judge in the exercise of judicial discretion determines that a presentence investigation is unnecessary and will not be of benefit in fixing a proper and just sentence, such a presentence investigation may be dispensed with. United States v. Karavias, 170 F.2d 968 (7th Cir. 1948); United States v. Tenenbaum, 327 F.2d 210 (7th Cir.), cert. denied, 377 U.S. 905, 84 S.Ct. 1165, 12 L.Ed 2d 177 (1964). In the present case, the district judge had ample opportunity to observe and consider all the evidence relating to the defendant's life history. On the witness stand, the defendant testified about his marital and family background, military service, and prior felony record. At the time of sentencing, the judge stated he had studied the matter, that he believed a presentence report was unnecessary, and even invited defense counsel and the defendant to state any facts which the court might be unaware of otherwise. Neither the defendant nor his counsel stated any relevant fact which was not otherwise known to the court.

The defendant's complaint that he was given a general and ambiguous sentence is without merit. This court recently held that a general sentence may be imposed if it is not greater than the maximum penalty which may be given under any count. United States v. Barney, 371 F.2d 166 (7th Cir. 1966), cert. denied, 387 U.S. 945, 87 S.Ct. 2080, 18 L. Ed.2d 1333 (1967). The general sentence of four years imposed in the instant case did not exceed the penalty prescribed for any of the counts under which the appellant was indicted.

The defendant asserts that the sentence, as imposed, was unclear in that there was no indication whether the sentence was to commence from the date when the first federal sentence under which Fannon was serving started (August 2, 1966) or whether it was to run from the date the sentence in the present case was imposed (July 5, 1967). A plain reading of the sentence indicates that it was to run from the date of its imposition, July 5, 1967. There is nothing on the face of the record to indicate that any credit for the one year which the defendant had served for the prior conviction was to be credited toward the sentence here imposed.

Finally, it is claimed that evidence secured in this case was obtained by electronic eavesdropping. An *in camera* examination of the sealed exhibit, submitted by the Government, reveals that this material contains no information or evidence relevant to the defendant's conviction.

In addition, we have considered the defendant's other contentions for reversal contained in a pro se brief and find them to be without merit.

For the foregoing reasons, the district court's judgment and sentence are affirmed.