**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John FANNON, Defendant-Appellant.
John FANNON, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**Nos. 18076–18077.**

United States Court of Appeals,
Seventh Circuit.

Nov. 9, 1970.

Rehearing Denied Dec. 23, 1970.

---

John J. Cleary, Chicago, Ill., for appellant.

William J. Bauer, U. S. Atty., Joseph K. Luby, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before HASTINGS, Senior Circuit Judge, KILEY and KERNER, Circuit Judges.

KILEY, Circuit Judge.

### APPEAL NO. 18076

Defendant Fannon was convicted by a jury of the substantive offenses of fraud by interstate telephone, 18 U.S.C. § 1343, interstate transportation of counterfeit securities, 18 U.S.C. § 2314, and conspiracy to commit the substantive offenses, 18 U.S.C. § 371. This court affirmed, United States v. Fannon, 403 F.2d 391 (1968). The United States Supreme Court vacated our judgment, 394 U.S. 457, 89 S.Ct. 1224, 22 L.Ed.2d 416 (1969), and remanded the cause to the district court. On remand the district court entered judgment reinstating the conviction. Fannon has appealed from that judgment. We vacate the judgment and remand for further proceeding.

In Fannon's trial for the offenses charged, the government submitted a sealed exhibit containing eavesdropping evidence obtained in surveillance of a codefendant. On appeal from his conviction the issue was raised in this court as to whether that eavesdropping evidence was relevant to Fannon's conviction. This court examined the sealed exhibit and found "no information nor evidence relevant to the defendant's conviction." 403 F.2d at 394.

Fannon's petition to the Supreme Court for certiorari made no reference to the eavesdropping evidence issue, but be-

cause of a reference to the eavesdropping evidence in the government's answer to the petition, Fannon moved in the Supreme Court to supplement the record to include, among other things, his motion and the government's answer filed in this court upon the issue. The Supreme Court granted Fannon's motion, vacated this court's judgment affirming his conviction and remanded the cause to the district court to consider further, in the light of Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1968), the question whether unlawful eavesdropping by the government unconstitutionally infected Fannon's conviction. In the district court the government moved to reinstate the district court's judgment and Fannon moved for additional disclosure of government eavesdropping. The district court denied Fannon's motion for additional disclosure and granted the government's motion.

The government's motion stated that there was no eavesdropping upon any conversation of Fannon's or of any person on Fannon's premises, and submitted to the district court the sealed exhibit examined on appeal by this court. Fannon's motion for additional disclosure requested "at least" an *in camera* inspection of the government's prosecution file, including the FBI investigation file, to determine whether there had been eavesdropping upon any of Fannon's conversations or upon any conversations on his premises. The motion was aimed at establishing Fannon's standing to show the evidence used against him at his trial arose from the government's illegal conduct.

In a memorandum decision the district court found that the government could rely upon its own determination whether any conversations of Fannon or of others on his premises were unlawfully monitored; and that Fannon had no standing to assert that his conviction was tainted under the *Alderman* ra-

tionale which the court thought does not apply to require an adversary hearing on the question of standing. The court found that if it was in error with respect to standing it further found "upon an *in camera* investigation" that no eavesdropped conversation of Fannon was in the evidence and no eavesdropping conducted on his premises. The court thereupon denied Fannon's motion for additional disclosure.

Subsequently the court supplemented its memorandum decision. It elicited unsworn negative answers from the government attorney as to whether the government had or knew of any electronic surveillance on any conversation of Fannon, or of any conducted on his premises, either by the government or "Arthur Henderlong."[1] Fannon objected unsuccessfully to the inquiry on the ground that the district court's remand "hearing" amounted to no more than this court's *in camera* inspection of the electronic eavesdropping evidence on Fannon's appeal. The objection was overruled.

█ The issue before us is whether Fannon is entitled to the discovery sought by his motion as a means of establishing his standing to show that evidence introduced at his trial arose from the illegal monitoring by the government. We think that Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961 (1968), implicitly requires that Fannon's motion for discovery be granted.

█ *Alderman* expressly requires an adversary hearing for one with standing to prove that his conviction was tainted by use of evidence which arose from illegal monitoring of conversations, either of his or of others upon his premises, whether or not he was present or participated in the latter. Where illegal monitoring is conceded, a petitioner must have an opportunity to prove that a substantial part of the case against him was the fruit of the government's illegal con-

---

1. A private investigator who testified at Fannon's trial to eavesdropping conducted by him in cooperation with the government.

duct. *Alderman, supra,* 394 U.S. at 183, 89 S.Ct. 961.

While *Alderman* does not expressly deal with the issue of standing, we think that without a fair opportunity to prove standing, the right to the opportunity to show a tainted trial—announced in *Alderman*—is a right without value. The government concedes here that it has conducted illegal eavesdropping upon conversations of a Fannon co-defendant. For that reason we think, to establish standing, he has the right to go forward with proof that his conversations, or those of others on his premises, whether or not he was present or participated, was overheard. *This proof is* needed as a basis for availing himself of the opportunity which *Alderman* holds he has the right to with respect to the main issue whether his trial was tainted. Neither the district court's *in camera* inspection nor the unsworn answers of the prosecutor to the court's questions, nor both, adequately respond to the implicit requirement in *Alderman,* and in the Supreme Court's remand of this case, of a fair opportunity to establish standing.[2]

The government conducts surveillance generally through federal agents, and the fruits of the surveillance are either turned over by the agents to the government prosecutors or retained by the agents. Where a co-defendant's conversations have been monitored, as here, a defendant has available, to establish standing, only his fear that it is likely that the fruits of the government's illegal eavesdropping contain evidence which aided the prosecution in its case against him. Only the government knows the facts. Fannon's discovery motion is a prudent effort to learn the facts.

We hold therefore that the district court erred in denying Fannon's motion for additional discovery. The district court's judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

## APPEAL NO. 18077

The district court, contemporaneously with its reinstatement of Fannon's conviction, denied his motion under 28 U.S.C. § 2255 to vacate the sentence. Fannon has appealed from that judgment. His motion asserted the ground that he was denied at his trial effective representation by counsel by the court's denial of his motion at trial for a continuance. This point was raised on his appeal in this court and was decided against his contention. 403 F.2d at 393. Fannon recognizes this and relies upon alleged new matter consisting of an affidavit of a New Orleans, Louisiana attorney appointed to represent him in the district court until Fannon "could secure counsel of his own choice." He relies too upon the claim that a different attorney, subsequently appointed when Fannon had not retained counsel of his own choice, met with defendant only once before trial and then for only a five minute meeting. This court on appeal, however, denied defendant's claim of ineffective representation on the grounds, *inter alia,* that "[t]he defendant suggests no theory of defense that he could have presented if the continuance had been granted." 403 F.2d at 393. The "new matter" raised by him in his § 2255 motion does not show how the defendant was prejudiced by the refusal of the trial court to grant a continuance. For this reason, we af-

2. What the Supreme Court in *Alderman* said with respect to the inadequacy of a solely *in camera* inspection with respect to arguable relevance of eavesdropping applies as well to the question of a meaningful opportunity for establishing standing.

An apparently innocent phrase, a chance remark, a reference to what appears to be a neutral person or event, the iden-

tity of a caller or the individual on the other end of a telephone, or even the manner of speaking or using words may have special significance to one who knows the more intimate facts of an accused's life. And yet that information may be wholly colorless and devoid of meaning to one less acquainted with all relevant circumstances. 394 U.S. at 182, 89 S.Ct. at 971.

firm the district court's denial of relief sought in Fannon's motion. The court's judgment dismissing the § 2255 motion is affirmed.

The court expresses its appreciation to Attorney John J. Cleary of the Chicago Bar for his dedicated service as court-appointed counsel for defendant Fannon.

### ORDER

 Upon petition for rehearing in the above cause, the government "asks only that the court make clear that appellant is not entitled to see the logs of his co-defendant's conversations or the government's investigative file."

Petitioner Fannon moved in the district court for " 'at least' an *in camera* inspection of the government's prosecution file, including the FBI investigative file," for the purpose of establishing standing. We held that an *in camera* inspection by the court of the logs of Fannon's co-defendant, and the unsworn answers of the prosecuting attorney that no eavesdropping was conducted on defendant, do not "adequately respond to the implicit requirement in *Alderman,* and in the Supreme Court's remand of this case, of a fair opportunity to establish standing." We remanded the cause for further proceedings consistent with the views expressed in the opinion.

The hearing upon remand should be limited to sworn testimony, subject to cross-examination, of relevant government witnesses, or an *in camera* inspection by the court of the government's investigative file,[1] or both. Our opinion does not require the government to permit defendant Fannon to examine the logs of his co-defendant's conversations or the government's investigative file.

---

1. The statement in *Alderman* that a court is not equipped to make an *in camera* inspection of eavesdropped conversations, referred to at footnote 2 of our opinion, does not apply to an *in camera* inspection of the *written* investigative files.