**Frank FARBO, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 71–1252.

United States Court of Appeals,
Seventh Circuit.

Nov. 23, 1971.

Frank Farbo, pro se.

Donald B. Mackay, U. S. Atty., Gregory M. Wilson, Asst. U. S. Atty., Springfield, Ill., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, and CUMMINGS and PELL, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is an appeal from the denial by the District Court of a motion by petitioner (appellant herein) under Title 28 U.S.C. § 2255.

Appellant is serving a prison term of twenty years. This sentence was imposed following pleas of guilty by appellant to the charges in three Informations.

Appellant waived indictments by a grand jury and consented to the prosecution by Informations which were filed by the United States Attorney.

Two of these Informations consisted of charges of armed bank robbery. Information No. 6026 charged armed rob-

bery of the Bank of Manito, Manito, Illinois, on April 5, 1961, during which $22,000 of bank funds were taken. Information No. 6027 charged armed robbery of the same bank on May 19, 1961.

The maximum penalty for each of the bank robbery offenses was 25 years' imprisonment. Appellant entered a plea of not guilty to all counts in both Informations. The District Judge appointed counsel to represent the defendant (appellant herein).

On October 2, 1961, defendant Farbo again appeared in court and was represented by counsel. He waived indictment in writing to a charge of attempted jail break (18 U.S.C. § 751). He entered a plea of guilty. The maximum sentence for a violation of this Section is five years.

After a lengthy conference with the trial judge held on October 2, 1961, the defendant decided to withdraw his previous pleas and to stand trial on all counts of each Information. On this date, Judge Poos held a lengthy colloquy with defendant regarding the maximum penalties, the right to a jury trial and the reasons why defendant committed these offenses. The trial of all charges was set for October 16, 1961.

On October 9, 1961, defendant again appeared in open court and was represented by counsel. Defendant then withdrew his pleas of not guilty to each count of Information and entered pleas of guilty to all counts of the three Informations.

Again there was a colloquy between the trial judge and the defendant who was informed that the maximum aggregate penalty on the three charges is 55 years' imprisonment.

The trial judge questioned the defendant as to his background. Sentence was then imposed without the judge directing the Probation Officer to make a pretrial investigation and report. The total sentence imposed on defendant was twenty years.

■ In a lengthy but well-prepared brief, appellant Farbo first contends that his Section 2255 motion was denied by the District Court without holding an evidentiary hearing. He argues that such a hearing is mandatory under all circumstances.

Pertinent is our decision in United States v. Davis, 212 F.2d 264 (7 Cir. 1954), where we stated at pages 266–267:

"Thus, since the District Court denied the motion without a hearing and attendant findings of fact and conclusions of law, its order was proper only if the motion and record show conclusively that the defendant was entitled to relief. * * * We must, of course, in considering the narrow question thus presented, accept as true the allegations of fact contained in the motion except as they may be contradicted by the record. United States v. Sturm, 7 Cir., 180 F.2d 413, 414 [1950]."

We feel upon reviewing the record of this case and considering the numerous time-consuming court appearances heard before Judge Poos in the District Court, that no factual issue has been raised upon appeal. The motion and record show conclusively that defendant Farbo is not entitled to relief upon the facts and issues raised by his motion and the record of the Court below. Therefore, we hold a full evidentiary hearing was not necessary in the District Court.

■ Appellant claims that the trial judge wrongfully informed him that the maximum penalty would be 55 years. The record shows that the Judge did give appellant such information, but the statement was correct. There were three outstanding Informations against the defendant, two for separate bank robberies on two different occasions, and one for an attempted jail break. The statute provides for a maximum of 25 years for each of the bank robberies and for 5 years for the attempted jail break.

Appellant relies on Grant v. United States, 424 F.2d 273 (5 Cir., 1970) where the Court held that "violations of

Sec. 2113(a) through (d) cannot be pyramided so as to exceed the maximum provided under the subsection providing the more severe punishment." However, we hold that the decision in *Grant* is not applicable here where a 25-year sentence could have been imposed on each of the bank robbery offenses as well as a 5-year sentence on the attempted jail break offense.

 Appellant relies on Rule 11, Federal Rules of Criminal Procedure. This rule was in somewhat different form in 1961 when appellant was before the Court than it is at the present date. The standard in 1961 was not as strict as the standard laid down in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). However, the rule in McCarthy is not to be applied retroactively to guilty pleas accepted before April 2, 1969. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

The standard relied upon by the parties at the time of trial seems best expressed in United States v. Davis, *supra,* 212 F.2d at page 267:

> "We do not mean to say that a District Court must in every case follow a particular ritual in order to comply with Rule 11. A brief discussion with the defendant regarding the nature of the charges may normally be the simplist and most direct means of ascertaining the state of his knowledge. * * * Whatever the means employed, a fair compliance with the Supreme Court rule would insure that the defendant has the knowledge and understanding essential to a valid plea."

The trial judge went into great detail with appellant with reference to the length of sentence that could be imposed and also discussed the chance of a continued life of crime after appellant's release from prison. The Judge even called appellant's attention to the latter's statement that if he were in the judge's place he "would throw the book at me." It is clear that appellant pled guilty on two different occasions with full understanding of the possible consequences.

 Appellant, in his brief, questioned the failure of the District Court to order a presentence report. It is clear from the record that the trial judge did not need a presentence report. On at least two occasions, he discussed with appellant, at considerable length, appellant's background and reasons for his committing the robberies and the escape attempt. A trial judge, in the proper exercise of his judicial discretion, may determine that a presentence investigation is not necessary. United States v. Fannon, 403 F.2d 391, 394 (7 Cir., 1968); United States v. Tenenbaum, 327 F.2d 210 (7 Cir., 1964), cert. den. 377 U.S. 905, 84 S.Ct. 1165, 12 L.Ed.2d 177.

We hold that the denial by the trial court of appellant's motion under Title 28 U.S.C. § 2255 must be and is

Affirmed.