UNITED STATES of America,
Plaintiff-Appellee,

v.

Gino ROSCIANO, Defendant-Appellant.

No. 73-1666.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 2, 1973.

Decided April 12, 1974.

Gerald M. Chapman, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Ann P. Sheldon, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and PELL, Circuit Judge.

HASTINGS, Senior Circuit Judge.

This case presents a single question for review on appeal, *viz.*: whether the trial court's refusal to order a presentence report was an abuse of discretion. However, because of the various ramifications of this issue argued here, we shall detail relevant parts of the course of this litigation in order to clarify the situation in what otherwise might be considered a frivolous appeal.

Defendant Gino Rosciano was charged in a two-count indictment. Count I charged that he and nine other men [1] conspired to possess goods stolen from an interstate freight shipment in violation of Title 18, U.S.C. § 371. Count II charged a violation of the substantive offense, Title 18 U.S.C. § 659. A trial by jury resulted in a verdict of acquittal on the Count I conspiracy charge, and a verdict of guilty on the Count II substantive offense. Judgment was entered on this verdict and defendant was sentenced to a term of six years imprisonment on March 3, 1972.

Defendant appealed his conviction to this court. On February 16, 1973, a division of our court affirmed his conviction in an unpublished order, 474 F.2d 1350. The only issues raised on that appeal were the giving and refusal of certain instructions and the identification procedure used with respect to defend-

1. The others charged in the indictment were William Pascente, Anthony LaBarbera, Joseph Pagone, Edward Wedge, Charles Mack, Robert Buss, David Buss, Orville Edens and Anthony Circelli.

ant prior to the trial. It is conceded that no issues were raised concerning the denial of a presentencing investigation, the denial of probation or the severity of the six-year sentence imposed. Our court denied a petition for rehearing on March 9, 1973. A timely petition for a writ of certiorari was denied by the Supreme Court on June 18, 1973, 412 U.S. 948, 93 S.Ct. 3007, 37 L.Ed.2d 1001. The mandate of this court was filed in the district court on June 25, 1973.

Three days after the mandate issued defendant filed a motion in the district court for reduction of sentence and for admission to probation or, in the alternative, for such further and different relief as the court might deem proper. A passing reference was made therein that, at the time of initial sentencing, no presentence investigation had been made. Defendant's motion requested that a presentence investigation be ordered for the purpose of verifying the representations made therein and sought a hearing on the motion. A hearing was held July 3, 1973, and the court on that date ordered that the sentence be modified so that defendant could serve his six-year sentence under the provisions of Title 18, U.S.C. § 4208(a)(2), thereby making defendant eligible for immediate parole.

Thereafter, on July 12, 1973, defendant filed a motion for stay of execution pending appeal, or, in the alternative, for 30 days in which to wind up his business affairs. The court held a hearing thereon and granted an extension of stay of execution for two weeks, until July 27, 1973.

On July 11, 1973, defendant filed notice of appeal from the order of July 3, 1973, modifying his six-year sentence. His notice of appeal further stated that he was appealing from that part of such order which, "by implication, [denied] that portion of the * * * Motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure which sought a presentence investigation, a hearing on said Motion and probation."

It is now apparent that defendant claims prejudice because the trial court denied his request for a presentence investigation and report in the instant proceeding. It is also clear that he is relying on Rule 35, Fed.R.Crim.P., hereinabove referred to. Rule 35 reads:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

Rule 32(c)(1), Fed.R.Crim.P., deals with the making of presentence investigations and states, *inter alia*, that this shall be done by the probation service and reported to the court "before the imposition of sentence or the granting of probation unless the court otherwise directs."

On brief and in oral argument, defendant has further refined the crux of the issue presented, *viz.*: whether the trial court erred in failing "to permit, and consider, a pre-sentence investigation pursuant to Federal Rule of Criminal Procedure 32(c)(1) *without indicating the reasons for such a refusal* so that they can be subject to review." (Emphasis added.)

Here we are faced with an admittedly narrow point in the sentencing procedure. The district court, after an affirmance of conviction and the issuance of mandate, entertained defendant's motion for reduction of sentence and for the granting of probation or other prop-

er relief. A hearing was held as requested. After considering the motion, which set out in great detail defendant's own characterization of his reasons for relief, and hearing counsel on the question of mitigation, the trial court took the matter under advisement until later in the day. The court thereupon, in effect, sustained the motion for relief by modifying the sentence as hereinabove set out, making defendant eligible for immediate parole. Defendant contends that this is not enough because his showing, had it been supported by a presentence investigation at that juncture, would have entitled him to immediate probation by the court itself. Defendant further contends that this "would have and would still, be more beneficial than incarceration."

It is conceded further that the guilt or innocence of defendant is not before us on this appeal. Yet defendant has devoted much effort and time to demonstrate that his part in the theft involved in this case was minimal as compared to the activities of his co-defendants. Defendant's efforts, of course, were to bolster his plea for a reduction of sentence or probation. Such contention, however, was effectively rebutted by the Government.

In short, we are requested to exercise our supervisory power over the district court and review the ultimate sentence as modified, as well as the denial of probation. Did the trial court abuse its discretion in this sentencing procedure?

The language of Rule 32(c)(1), *supra*, vests a discretion in the district court to direct that a presentence investigation not be made before the granting of probation or the imposition of sentence. We have on many occasions reviewed the exercise of this discretion. It is not a new subject and has continually received our careful scrutiny.

Beginning with United States v. Karavias, 7 Cir., 170 F.2d 968, 971–972 (1948), an opinion by then District Judge Swygert, now Chief Judge, sitting by designation with Judges Major and Minton, recognized that a discretion was vested in the trial court to determine whether a presentence investigation was unnecessary.

In United States v. Tenenbaum, 7 Cir., 327 F.2d 210, 212, cert. denied, 377 U.S. 905, 84 S.Ct. 1165, 12 L.Ed.2d 177 (1964), an opinion by Judge Kiley, joined by Judges Hastings and Swygert, held that the trial court did not abuse its discretion in denying a presentence investigation, citing *Karavias, supra.*

In United States v. Fannon, 7 Cir., 403 F.2d 391 (1968), vacated and remanded on other grounds, 394 U.S. 457, 89 S.Ct. 1224, 22 L.Ed.2d 416 (1969), in an opinion by Judge Swygert, joined in by Judges Castle and Kiley, it was stated:

It is the rule in this circuit that if a trial judge in the exercise of judicial discretion determines that a presentence investigation is unnecessary and will not be of benefit in fixing a proper and just sentence, such a presentence investigation may be dispensed with. [Citing *Karavias, supra,* and *Tenenbaum, supra.*] In the present case, the district judge had ample opportunity to observe and consider all the evidence relating to the defendant's life history. On the witness stand, the defendant testified about his marital and family background, military service, and prior felony record. At the time of sentencing, the judge stated he had studied the matter, that he believed a presentence report was unnecessary, and even invited defense counsel and the defendant to state any facts which the court might be unaware of otherwise. Neither the defendant nor his counsel stated any relevant fact which was not otherwise known to the court. *Id.* at 394.

In United States v. Hutul, 7 Cir., 416 F.2d 607 (1969), cert. denied, 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970), in an opinion by Chief Judge Castle, joined by Judges Cummings and Kerner, it was stated:

Defendant Mitchell contends that the district court abused its discretion

by not ordering a presentence report on her before passing sentence. Rule 32(c), Fed.Rules Crim.Proc., provides that the probation service of the court shall make a presentence investigation "unless the court otherwise directs." The decision to direct that no presentence investigation be made rests in the sound discretion of the district court. [Citing *Fannon, supra,* and *Karavias, supra.*]

Defendant Mitchell has failed to show an abuse of such discretion or how she was prejudiced by the absence of a presentence report. The record reveals that Mitchell's attorney, in his argument in mitigation after judgment was rendered, brought out the facts necessary to make a proper determination for sentencing. Thus, the fact that defendant Mitchell was only 19 years of age at the time of the crime, was a first offender, and was not as actively involved in the scheme as the other defendants was brought out. On this basis, the court imposed a one-year sentence to be followed by two years probation, as compared to the five-year sentences imposed on the other defendants. It is not the function of this Court to substitute its judgment on the proper sentence for that of the district court which viewed the demeanor and deportment of the defendants standing before it. While the use of presentence investigations and reports should be encouraged, we find no abuse of discretion in the instant case. *Id.* at 627.

In United States v. Teague, 7 Cir., 445 F.2d 114, 122 (1971), an opinion by Judge Kerner, joined by Judges Hastings and Kiley, reaffirmed our holding in *Hutul, supra,* and reiterated our view that "we believe it to be the better practice for judges to consider information in pre-sentence reports." Nevertheless, we found no abuse of discretion.

Finally, in Farbo v. United States, 7 Cir., 452 F.2d 132, 134 (1971), in an opinion by Senior Judge Duffy, joined by Judges Cummings and Pell, we found it clear from the record that a presentence report was not needed by the trial court, and held that the trial judge properly exercised his discretion in determining that such a report was not necessary, citing *Fannon, supra,* and *Tenenbaum, supra.*

■ We find there is solid declaration of policy by this court that it generally is the better practice for a trial court, before final sentencing or probation, to order a presentence investigation and report. It is a well recognized and important aid in sentencing. We again subscribe to this policy and urge that the practice be followed by the district courts. However, we also recognize that a decision not to do so may fall short of being an abuse of discretion, when there clearly is no need for the same.

■ We have carefully reviewed the transcript of the evidence and colloquies between court and counsel; the interrogation of the defendant, both at the time of the initial sentencing and the hearing on the motion for reduction of sentence; and also the lengthy recitals by defendant in his several motions in the case. Contrary to defendant's contentions, we find that the sentencing court was presented with a clear and comprehensive picture of defendant's family life, personal habits, business career and the circumstances offered in mitigation. In each instance the trial judge gave opportunity for additional information. His actions were the result of a considered judgment. He had defendant before him in person. We conclude that here, as in *Hutul, supra,* the court did not err in finding that a presentence investigation and report were not necessary. We find no abuse of discretion.

Further, we find from the record that the trial judge made clear his reasons for not ordering such report and conclude that he did not err in failing to more specifically recite and detail such reasons. He might have more explicitly labeled them as such.

Defendant's argument that immediate enlargement on probation is more beneficial than incarceration is merely a plea

for us to review the sentence as ultimately fixed by the court. As stated in *Hutul, supra,* 416 F.2d at 627, this is not our proper function. We most recently said in United States v. Kaczmarek, 7 Cir., 490 F.2d 1031 at page 1036 (1974): "The authority of the District Court to impose any sentence within the statutory maximum is not subject to review except under 'extraordinary circumstances,' [citing cases]." Since no such extraordinary circumstances are present here, we shall not substitute our judgment for that of the trial court.

We have reviewed the sentencing record of all the co-defendants in this case. Defendant Rosciano received a much lighter sentence than most of the others and it was well within the statutory maximum. We cannot say that the trial judge abused his discretion in determining the sentence finally imposed.

We have carefully considered defendant's many citations of authority concerning desirable sentencing procedures. We are fully cognizant of our responsibilities in this area. However, we find no rational basis in the instant appeal for departing from the course heretofore charted by this court. Here, it is apparent that defendant believes that any result other than probation is a gross miscarriage of justice. We do not agree.

In light of the foregoing, the judgment of the district court appealed from is affirmed.

Affirmed.

SWYGERT, Chief Judge (dissenting).

The majority acknowledges that it is "the better practice for a trial court, before final sentencing or probation, to order a presentence investigation and report." Nevertheless, it is said that failure to utilize a presentence report does not amount to an abuse of discretion "when there clearly is no need for the same." Consistent with past decisions in this circuit, the majority finds no

abuse of discretion where it can be demonstrated from the record that a minimum of mitigating facts pertaining to the defendant existed, known to the judge, and that the presentence report constituted in essence mere surplusage beyond the minimum level of knowledge needed by the trial judge to fix the defendant's sentence.

I cannot agree with the majority that the record amply demonstrates that the trial judge's imposition of a six-year sentence on the defendant Rosciano was "the result of a considered judgment." Moreover, even assuming that the trial judge possessed the minimum level of information required to fairly impose a sentence on Rosciano, I would still find that his failure to order a presentence report was an abuse of discretion. That is, rather only suggest to the district courts what is admittedly "the better practice," I would hold that absent substantial reasons for nonusage of the report, explicitly articulated by the trial judge, such failure to use a presentence report amounts to an abuse of discretion.

As the Second Circuit has noted with respect to the nonuse of presentence reports: "Some circuits are evidently uneasy about the problem, however, and justified the lack of [the] report because all the necessary information had been made available in some other manner or because the sentence was lenient." United States v. Warren, 453 F.2d 738, 744 (2d Cir. 1972). The majority here takes a similar approach.

My reading of the record, however, does not indicate that at the time of the initial sentencing hearing the court was in possession of all necessary information. The record tends to demonstrate that the trial judge was interested in the expeditious disposition of the sentencing procedure and summarily rejected a presentence investigation. The pertinent colloquy is set forth below.[1]

1. MR. SIKES: I would assume that your Honor would order a presentence investigation—

THE COURT: No, I don't intend to order a presentence investigation. I will set this matter down for sentencing as to all defend-

At the sentencing hearing statements in mitigation were made on behalf of each of the six defendants sentenced. The Government offered rebuttal in each instance. Immediately after the conclusion of the testimony with respect to the final defendant the court without further deliberation or consideration sentenced six of the defendants.[2]

Nor do I perceive Rosciano's six-year sentence to be lenient in view of his meager involvement in the theft. Rosciano's efforts were minimal and consisted primarily of helping to unload the stolen merchandise from the truck. Rosciano owned a gas station adjacent to the business operation, Universal Lawn and Garden Supply Company, at which the stolen goods were unloaded and stored. Rosciano testified that he frequently assisted in unloading trucks delivering landscaping goods to Universal Lawn and that he had dealt with Universal Lawn for seven years due to the fact that he was a landscaping contractor. He testified that to his knowledge he had never helped unload stolen goods. Rosciano's testimony was contradicted by David Buss, one of the principal planners and perpetrators of the theft. Buss pleaded guilty and testified on behalf of the Government.[3] As a result of

---

ants on—What do we have scheduled for Friday?

THE CLERK: We are supposed to start a trial tomorrow afternoon.

THE COURT: I have the trial with you.

MR. SIKES: Yes, your Honor.

THE CLERK: Just ruling on motions and those two motions with the case with the nineteen defendants. The matter where you were going to appoint counsel for them.

THE COURT: Yes. Well, I can proceed with sentencing—Can the government be prepared on Friday?

MR. FAHNER: We can, your Honor.

MR. LYDON: Yes, your Honor.

THE COURT: All right.

\*   \*   \*   \*   \*

THE COURT: Well, I certainly find no objection to increasing the bond to $9,000. I think that's a reasonable request and the bonds will be so increased.

MR. SMITH: Your Honor, may I be heard on behalf of Rosciano?

THE COURT: Yes.

MR. SMITH: Mr. Rosciano has no previous convictions. There is one previous arrest. He is a man who has a home, who is a homeowner and everything else—

THE COURT: Well, I'm going to go ahead with the sentencing on Friday so not much time is going to be involved here. If you can make the bonds tonight, you can make them tonight. . If you can't make them tonight. . . .

2. Although nine defendants were charged with the theft, three of them pleaded guilty and were sentenced at separate proceedings subsequent to the sentencing of the six defendants found guilty by the jury.

3. Buss' testimony on this point was as follows:

A We were all stacking and counting. The heavy-set guy [Rosciano] had a packing slip to go by.

Q Do you know where he got that packing slip?

A It was inside the trailer.

Q And did you finally finish stacking the boxes and taking a count of them?

A. Yes, we did.

Q Then what happened, sir?

A We were hungry, so the heavy-set guy went out for something to eat and he finally came back. We had sandwiches.

Q All right. And while you were having the sandwiches, did you have any conversation at that time?

A Yes.

Q And who was present at that time, at the time of that conversation?

A The smaller guy, the heavy-set guy and myself.

Q And would you please relate to the ladies and gentlemen of the jury the conversation, stating who said what.

A The heavy-set guy said he wanted a Ronson shaver, because there weren't very many of them anyway, and I said that if he were to ask Bob, he probably could get one.

Q All right. Was there any further conversation at that time?

A I can't recall.

Q All right. Then what happened?

A About the time that we were finishing eating Bob and Joe Pagone finally arrived and came back.

Q All right. After Bob and Joe Pagone returned, what happened next?

A There was a discrepancy in the count and so we had to count all of the boxes again.

Q Well, who was present at that time?

A Bob, Joe Pagone, the heavy-set guy and the smaller guy and myself.

the assistance in unloading the stolen merchandise valued at $53,875 Rosciano apparently received an electric shaver. For his effort he was convicted of possession of stolen property—although he was found not guilty with respect to the charge of conspiracy to possess stolen goods—and sentenced to six years imprisonment. Although the other defendants played a much more active role in the perpetration of the theft and were found guilty on both the substantive count and conspiracy count, nevertheless, they received concurrent sentences only two to four years in excess of that imposed on Rosciano for the conviction on the single count. Indeed the three principal planners and perpetrators of the theft, after pleas of guilty and the grant of their requests for presentence reports, were given suspended sentences and placed on probation for periods ranging between three and five years.

The disparity in treatment in this case is extraordinary to say the least. The three principal offenders, who planned the theft and stole the truck containing a fifty thousand dollar cargo, received probation after pleading guilty and after the judge received presentence reports as to them. Rosciano, who played a peripheral, minor role in helping unload the truck and who received a Ronson shaver for his services and who requested a trial by jury, received six years imprisonment after the judge refused out of hand to order a presentence report. Accordingly, I find nothing in the record to justify the court's refusal to use a presentence report.

Under the circumstances such refusal amounted to an abuse of discretion since there was an absence of explicit and substantial reasons for not having a presentence report prior to pronouncement of the sentence. The reasons for not utilizing a presentence report should be clearly articulated by a trial judge and not left to the speculation of appellate judges in an effort to justify the trial court's failure to state reasons for its inaction. As stated by the Second Circuit in United States v. Warren, 453 F. 2d 738, 744 (2d Cir. 1972):

> It would be wise, however, for trial judges, in those rare cases in which they dispense with the presentence report, to state on the record the reasons for failing to make use of a tool which has proven helpful in individualizing and thus improving the sentencing process. Such a requirement will provoke thought about the decision to bypass this potentially valuable step in the criminal process.

It cannot be gainsaid that the rule on presentence reports vests broad discretion with the trial judge as to its use.[4] That discretion, however, does not vest the trial judge with authority to arbitrarily reject the use of the presentence report. Yet the majority countenances such arbitrary action by adhering to an approach that does not require the trial judge to explicitly detail his reasons for nonuse of the presentence report. Courts which have been adamant in imposing a requirement of statement of reasons on local draft boards and administrative agencies should not be reticent in imposing a similar requirement with respect to the use of a tool that has become well-nigh standard practice in federal courts. *See* McGee v. United States, 462 F.2d 243, 247 (2d Cir. 1972).

In addition I would require that the reasons stated in an effort to justify nonuse of the presentence report must be substantial. To that end I do not consider the mere saving of time of it-

---

Q Could you please tell us who was doing what, specifically.

A Well, Bob was taking the inventory at this time and Joe Pagone and the heavier-set guy and the smaller guy and myself, we were re-stacking and re-counting.

4. The relevant portion of the Federal Rules of Criminal Procedure, Rule 32(c)(1) provides:

> The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.

self sufficient to justify nonusage of the report.[5] Moreover, the fact that the report may be duplicative of defendant's efforts at mitigation is not necessarily of itself a sufficient basis for not using the report. Even assuming duplication of effort, the fact remains that the presentence report rises above mere surplusage for it stands as the effort of an independent agency responsible to the court and not the self-serving statements of an adversary on behalf of his client. Any recommendations or findings emanating from the presentence report which are favorable to a defendant are no doubt given more credence than similar recommendations and findings by a defendant and his counsel. Accordingly, even if duplicative, the presentence report represents a beneficial source of information that can be relied upon and as such outweighs any troublesomeness due to its allegedly repetitive nature.

With all due deference and respect to my brethren in the majority, my reading of the record has failed to uncover any statement of reasons by the trial judge —let alone those that approach the stature of explicit and substantial—justifying his dispensing of a presentence report. Accordingly, on the basis of the foregoing, I would find that the trial judge abused his discretion.

I find it somewhat anomalous that courts are fastidious in safeguarding a criminal defendant's rights prior to a verdict of guilt, yet upon being convicted we fail to adhere to our zeal to assure the defendant our full and fair attention on the equally important aspect of sentencing. When a defendant challenges the sentencing procedure, we often seek to avoid confrontation by uttering the rubric: Sentencing is a matter of broad discretion, including the procedures attending it. But while discretion is a *sine qua non*, it has its limits. We scarcely need to be reminded that sentencing has a tremendous and far-reaching impact on the life of a human being.

I would remand to the district court for consideration of a presentence report.

---

5. It is most noteworthy that the proposed amendment to Rule 32(c)(1) proposed by the Advisory Committee on Criminal Rules provides that utilization of the presentence report is mandatory except in four explicit situations where the court has discretion to dispense with the report. The proposed rules provide:

    (c) PRESENTENCE INVESTIGATION.

    (1) When Made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation, except that the court, at its discretion, may dispense with a presentence report, in the following situations:

    (i) If the maximum penalty is one year or less;

    (ii) If the defendant has two or more prior felony convictions;

    (iii) If the defendant refuses to be interviewed by the probation department or requests that disposition be made without a presentence report;

    (iv) If it is impractical to verify the background of the defendant.

As the Advisory Committee Note indicates this change in the rule has as its "principal objective uniformity in presentence practice throughout the federal system and fairness to the defendant to be sentenced."