## Commonwealth *v.* Hill, Appellant.

Argued May 22, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

; reargument refused October 30, 1973.

*Philip D. Freedman,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, September 19, 1973:

The appellant, Clyde Eugene Hill, was convicted by a jury of two counts of murder in the second degree. No post-trial motions were filed and Hill was sentenced to two ten to twenty year terms of imprisonment to run consecutively. The convictions stem from the fatal shooting of Antoinette Pledger and Richard J. Harris in Harrisburg, Pennsylvania. The instant appeals are from the judgments of sentence.

Although Hill does not challenge the sufficiency of the evidence, we have reviewed the trial record and find ample evidence to support the convictions. From the

evidence, the jury was warranted in finding the following facts.

Hill and one Antoinette Pledger lived together from 1963 to 1971, and during that time had two children. In 1971, Pledger left Hill and began living with Richard J. Harris. In the early morning hours of April 16, 1972, Hill left the home of his grandfather, with whom he was residing, and proceeded across the street to a parked car in which Pledger and Harris were sitting. Hill engaged the two in a conversation for a short time, then drew a .22 caliber pistol from his pocket and fatally shot them both in the left temples. He then returned to the home of his grandfather, placed the pistol on a table, and told his grandfather to call the police and turn him in.

The only question properly before us is the propriety of the trial judge sentencing Hill to consecutive ten to twenty year terms of imprisonment on the two murder convictions.[1]

Initially, Hill argues by sentencing him to two consecutive terms of imprisonment the judge abrogated the jury's finding on the degree of guilt. His argument is that since the jury found him guilty of second degree murder, he should be entitled to parole after ten years, but by imposing the second consecutive sentence he will not be eligible for parole until a period of twenty years passes;[2] thus, the judge's sentence is equivalent to that imposed for murder in the first degree.

The inherent flaw in appellant's argument is he fails to recognize the importance of the jury finding him guilty of two separate murders. The trial judge had it

---

[1] Hill asserts other alleged trial errors which were not raised in the court below. It is fundamental that questions not raised in the trial court may not be raised for the first time on appeal. *Commonwealth v. Bittner*, 441 Pa. 216, 272 A. 2d 484 (1971) ; and *Commonwealth v. Myers*, 439 Pa. 381, 266 A. 2d 756 (1970).

[2] See Act of June 25, 1937, P. L. 2093, §1, 19 P.S. §897.

within his power to impose a sentence on each conviction, and the sentence imposed was within the statutory limits.[3] The trial judge has broad discretion in imposing sentence. See *Commonwealth v. Wrona*, 442 Pa. 201, 275 A. 2d 78 (1971); and, *Commonwealth v. Cox*, 441 Pa. 64, 270 A. 2d 207 (1970). The respective sentences were within the statutory limits, and by imposing two sentences we do not deem this as increasing the degree of guilt. Moreover, we do not view either sentence as manifestly excessive so as to constitute too severe a punishment. See *Commonwealth v. Wrona*, supra.

Furthermore, Hill argues the manner in which the sentence was imposed was violative of the teaching of *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920 (1941). The theory of the *Moszczynski* case is not applicable to the instant facts. In *Moszczynski*, the court laid down the rule an individual may not be sentenced on two crimes, where the lesser crime merged into the greater crime. In determining when two crimes merge, the court stated: "The true test of whether one criminal offense has merged in another is *not* [as is sometimes stated] whether the two criminal acts are 'sucessive steps in the same transaction' but it is whether one crime *necessarily* involves another . . . ." [Original emphasis] Id. at 104, 21 A. 2d at 921. The commission of the first killing instantly did not "necessarily involve" the commission of the second killing. The facts of the case clearly show there were two separate offenses which in no way involved the other. There is no merit in this argument.

Judgments affirmed.

---

[3] See Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701.