393 A.2d 935

**COMMONWEALTH of Pennsylvania**

v.

**Edwardo VALENTIN, Sr., Appellant.\***

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Dec. 21, 1978.

* *EDITOR'S NOTE*: The opinion of the Superior Court of Pennsylvania in Piernikowski v. Cardillo, published in the advance sheets at this citation (393 A.2d 935) was withdrawn from the bound volume because rehearing is pending.

Gary E. Hartman, Assistant Public Defender, Gettysburg, for appellant.

498

Oscar F. Spicer, District Attorney, Gettysburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

Appellant pleaded guilty to charges of aggravated assault with a deadly weapon and criminal mischief.[1] He was sentenced to a term of 1½ to 5 years in a state correctional institution. On this appeal appellant argues that the sentence was manifestly excessive.[2]

The following facts were disclosed at the guilty plea colloquy. On August 3, 1976, appellant requested his estranged wife to visit him at his apartment. His wife agreed and her boyfriend drove her to appellant's home. Appellant invited the boyfriend into the house. While the parties were in the house an argument erupted between appellant and his wife. The reasons for this argument are not clear; the boyfriend was not actively engaged but stood apart and watched. During the course of the argument with his wife, appellant took a shotgun, loaded it, and aimed it at the boyfriend's chest. Appellant's wife attempted to push the gun away but appellant pulled the trigger; the gun discharged and the boyfriend was struck in the shoulder. Appellant's wife was not injured. After reloading the gun, appellant left the house and fired it at the boyfriend's car, causing $482 in damages. The boyfriend spent ten days in the hospital and still required medical treatment at the time of trial.

A presentence investigation was conducted and a report was filed. At the sentencing hearing appellant's counsel pointed out that this was appellant's first offense and that

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334; 18 Pa.C.S. §§ 2702(a)(4), 3304, respectively.

2. The Commonwealth has not filed a brief in this case and has chosen to rely on the opinion of the court below.

recidivism was not a problem because the incident was caused by the pressures and emotions coming to bear upon appellant as a result of his domestic problems. He requested a sentence of 11½ to 23 months. The sentencing judge acknowledged that he was trying to understand appellant's domestic problems in passing sentence but said that the facts of the case, including the use of a deadly weapon, indicated that the crime could have been murder.

The sentencing judge has explained his sentence as follows:

> The offense is a misdemeanor of the first degree. The maximum penalty we could impose was 5 years in prison (Section 1104 of the Crimes Code). We ordered a presentence investigation report. From that report we learned that this was the defendant's first criminal act. It was also obvious to us that the defendant was emotionally distressed because of his marital problem. For those reasons we made his minimum sentence less than it could have been. But for the action of the defendant's wife in moving the gun barrel before the gun was discharged, the defendant could have been charged with murder. Because of the defendant's obvious intent to physically harm the victim without adequate legal provocation or justification, we were of the opinion that the maximum sentence of 5 years should be imposed to prevent further acts of violence on the part of the defendant and others.[3]

Lower court opinion at 2.

 Imposition of a proper sentence is a matter vested in the sound discretion of the trial court, whose determination is to be respected unless it constitutes a manifest abuse

---

**3.** The judge also stated his reasons for the sentence at the sentencing hearing. While not exactly as full a statement as in the later filed opinion, it demonstrates that the sentence was imposed after a consideration of appellant's good character, emotional problems, and the facts in the particular case. (N.T. Sentencing at 3–4). Appellant has not asserted that the court's reasons were improper or inadequate. *See Commonwealth v. Knight,* 479 Pa. 209, 215 n. 3, 387 A.2d 1297, 1301 n. 3 (1978); *Commonwealth v. Bolyard,* 256 Pa.Super. 57, 389 A.2d 598 (1978); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978).

of discretion. *Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). *Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973). In exercising its discretion the trial court "must not overlook pertinent facts, disregard the force of the evidence, commit an error of law . . . or inflict punishment exceeding that prescribed by statute." *Commonwealth v. Knight, supra; Commonwealth v. Lee, supra.* The legislative directive is that the sentence imposed should be the minimum consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *See* Act of December 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S. § 1321(b) (Supp.1977); *Commonwealth v. Knight, supra*; ABA Project on Minimum Standards of Justice, Standards Relating to Sentencing Alternatives and Procedures § 2.2 (Approved Draft, 1968).

The sentence imposed in this case did not exceed the statutory maximum.[4] Our inquiry does not end here, however, because even a sentence within the statutory maximum may be improper if it is manifestly excessive. *See Commonwealth v. Martin, supra; Commonwealth v. Middleton,* 242 Pa.Super. 421, 431, 364 A.2d 342, 348 (1976). In determining whether the sentencing judge has abused his discretion by imposing a manifestly excessive sentence we must review the judge's reasons for imposing the sentence. *See Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Bolyard,* 257 Pa.Super. 57, 389 A.2d 598 (1978); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978). The judge must make his reasons clear, *see Commonwealth v. Kostka, supra*; he must have accurate information including a presentence report where required, *see Commonwealth v. Martin, supra*; and it is

4. Aggravated assault with a deadly weapon is a misdemeanor of the first degree 18 Pa.C.S. § 2702(b). As such, it is punishable by a maximum sentence of 5 years. 18 Pa.C.S. § 1104(1). The charge of criminal mischief did not result in a sentence because it is a summary offense where, as here, the amount of damage is under $500. 18 Pa.C.S. § 3304(b).

required that in arriving at an individual sentence the judge consider the character of the defendant and the particular circumstances of the offense. *See Commonwealth v. Knight, supra; Commonwealth v. Martin, supra.*

These requirements were met by the sentencing judge in this case. The judge ordered a presentence report, which showed that this was appellant's first conviction; the accuracy of this report is not disputed. The judge also considered appellant's character and acknowledged that his emotional problems led to the incident. Appellant does not argue that the judge improperly ignored his character or circumstances, nor is there any evidence that appellant's character or circumstances were not considered. *See Commonwealth v. Green,* 396 Pa. 137, 151 A.2d 241 (1959). In fact, the minimum sentence was set at 1½ years because of appellant's good character and emotional problems. While the judge recognized that appellant's character and emotional problems militated against a severe sentence, he also considered the facts of the particular crime. The fact that a deadly weapon was used, that appellant clearly intended to cause serious injury, that the victim did not provoke the assault, that appellant took the time to find the gun and load it just before shooting the victim, and that the crime could have been murder had not the wife pushed the barrel of the gun away from the victim's chest just as it fired, all indicated to the judge that a maximum sentence of 5 years was warranted. In so deciding, the judge also made a brief reference to the necessity of preventing further violent acts by appellant and others who might attempt to solve their domestic disputes with shotguns. In sum, the judge balanced all the relevant factors, including appellant's character and the circumstances of the crime, and reached a decision that reflected this balance.

Affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.