398 A.2d 971

**COMMONWEALTH of Pennsylvania**

v.

**Charles R. JEFFERSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 16, 1978.

Decided March 14, 1979.

116

George C. Yatron, First Asst. Public Defender, Reading, for appellant.

J. Michael Morrissey, Dist. Atty., Reading, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Charles R. Jefferson, was convicted in the Court of Common Pleas of Berks County of one count of possession of a controlled substance with intent to deliver and one count of delivery of a controlled substance in each of four separate trials. He was sentenced on all counts on April 3, 1975, and received prison sentences which were to run consecutively and totalled six and one-half to twenty years. The Superior Court affirmed per curiam without an opinion. We granted his petition for allowance of appeal.

Appellant argues that the trial court abused its discretion by imposing a manifestly excessive sentence and that it acted improperly in failing to place on the record reasons for the sentence.

In *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977), this court applied *Commonwealth v. Riggins*, 474 Pa. 115, 337 A.2d 40 (1977), (which held that trial courts must articulate reasons for sentences imposed and that such reasons must appear on the record), to judgments of sentence prior to the date *Riggins* was decided (August 17, 1977). In *Kostka*, we remanded the case to allow the trial court an opportunity to articulate the reasons for the prison sentence. In the instant case, appellant was sentenced on April 3, 1975. In *Kostka*, the sentence was imposed on April 28, 1975. *Kostka* controls.

Since we are remanding for resentencing, we need not consider appellant's claim that the sentence was manifestly excessive. *Kostka, supra.*

The judgment of sentence is vacated and the case is remanded to the Court of Common Pleas for resentencing in light of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

POMEROY, former J., took no part in the decision of this case.