401 A.2d 848

**COMMONWEALTH of Pennsylvania**

v.

**John C. PAUZE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided April 12, 1979.

August T. Groover, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

On October 27, 1976, appellant was found guilty, by a jury, of one count of simple assault, one count of recklessly endangering and one count of possessing an instrument of crime generally. Post verdict motions were filed and denied with the exception that a Motion in Arrest of Judgment was

granted as to the Possession of an Instrument of Crime conviction. On September 15, 1977, appellant was sentenced to a term of imprisonment of one to two years plus $500 fine on the simple assault count and a consecutive term of imprisonment of three to twelve months and an additional $500 fine on the reckless endangerment conviction.

Appellant now challenges his sentence as being manifestly excessive and contrary to law, and seeks to have it vacated because the trial court did not state its reasons for the particular sentence imposed.

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, the relevant facts are as follows:

On May 19, 1976, Thomas Masland and Rod Nordland, both investigative reporters for the Philadelphia Inquirer, went to a bar to obtain information about the activities of the Warlocks, a so-called "outlaw" motorcycle club. At the bar, Norland recognized the appellant, Pauze, as a member of the Warlocks, and engaged him in conversation. Norland identified himself as a reporter and questioned whether the Warlocks had anything to do with some missing girls. Appellant, and other individuals with him, proceeded to leave the bar, and Masland followed them. Once outside, one of the group, Dennis Christian, produced a knife and held it to Norland's throat, while another individual, Richard Hamilton, struck the reporter in the face. Appellant struck Masland in the face with a beer bottle, and the victim fell to the ground unconscious. While Norland assisted Masland into their car, appellant cut the car tire with a knife. Masland needed stitches for the cut in his head, and he was hospitalized three days due to a concussion. Pauze at all times claimed that he did not have a beer bottle, and that the attack was provoked by the reporters. At sentencing, defense counsel argued by way of mitigation that appellant was single, a college student with good grades, and held a part time job. A pre-sentence report indicated that the appellant's employer was pleased with his one year's service. The report also showed that appellant had had prior contact with the criminal justice system.

158

■ There is no question that the sentences totalling 15 to 36 months were clearly within statutory limits.[1] However, the appellant is correct in asserting that the sentencing procedure below did not comply with the requirements of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). No reasons appear of record for the particular sentences imposed. The Commonwealth argues that the sentence is non-excessive in that the record showed an unprovoked attack on a newspaperman in the course of an investigation. However, this court cannot substitute the prosecution's rationale for that of the sentencing court for to do so would be pure speculation. Nor is there any indication in the record that the court even considered the appellant's background, individual characteristics, and relative culpability or prospects for rehabilitation prior to imposing sentence as mandated by *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). Both *Martin* and *Riggins*[2] were decided prior to the date of sentencing in the instant case. On appeal, great deference is given the trial court's discretion in sentencing, and this is based on the view that the trial court is in a far better position to weigh the factors involved in sentencing determinations. However, these factors which the court considered, and the reasons for the sentencing alternative chosen, must be of record so that a cogent determination can be made there that was in fact discretion exercised below.

■ Absent a statement of reasons of record for the particular sentence imposed, we vacate the judgment of sentence, and remand the case to afford the trial court an opportunity to resentence the appellant, and to include a statement of reasons for the sentence imposed.

1. Simple Assault is a misdemeanor of the second degree and carries a maximum sentence of two years. 18 Pa.C.S. 2701, 1104. Recklessly Endangering carries the same penalty 18 Pa.C.S. 2705. The maximum total fine imposable was $10,000.

2. The Commonwealth argues that because *Riggins* was decided only one month before sentencing, and therefore decision had not yet appeared in the reporter that the judge could not have known about the case and its requirements; however, this begs the question. *Riggins* was clearly the law in September, 1977.

Judgment of sentence vacated, and the case remanded for resentencing.