414 A.2d 679

COMMONWEALTH of Pennsylvania,

v.

George K. YOUNG, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Nov. 16, 1979.

Michael E. Bortner, Assistant Public Defender, Bellefonte, for appellant.

David E. Grine, District Attorney, Bellefonte, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that his sentence should be vacated and the case remanded because the trial court did not state its reasons for the sentence imposed on the record at the time of sentencing. We agree and, accordingly, vacate judgment of sentence and remand for resentencing at a hearing of record.

On October 6, 1976, a jury convicted appellant of aggravated assault and recklessly endangering another. On April 21, 1977, appellant pleaded guilty to charges of kidnapping, burglary, criminal conspiracy, disposition of ransom, and unauthorized use of an automobile. On June 13, 1977, the trial court sentenced appellant on these convictions to a term of imprisonment of 9 to 23 years. The court did not state on the record at time of sentencing the reasons for the sentence. Appellant filed a timely petition to vacate sentence and, on December 30, 1977, the court reduced the sentence to a term of imprisonment of 8 to 20 years. Appellant then filed this appeal. The trial court, in its opinion filed pursuant to Pa.R.App.P. 1925, stated reasons for the sentence imposed.

Appellant argues that the trial court failed to comply with the requirement of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), that the trial court state its reasons for the sentence imposed on the record at the time of

sentencing.* We agree. In *Riggins*, Justice ROBERTS, joined by Justices O'BRIEN and MANDERINO, expressly concluded that "When a trial court imposes judgment of sentence, its reasons for the imposition of sentence should appear on the record." *Id.*, 474 Pa. at 122, 377 A.2d at 143 (plurality opinion). In his concurring opinion, Justice POMEROY endorsed this view. *Id.*, 474 Pa. at 137, 377 A.2d at 151. Any doubt that the majority in *Riggins* required a statement of reasons on the record at the time of sentencing is dispelled by Pa.R.Crim.P. 1405, effective July 1, 1978, which provides that "At the time of sentencing the judge shall: . . . (b) state on the record the reasons for the sentence imposed; . . . " Rule 1405 is not merely a subsequently adopted rule whose authority resides only in its persuasive value, *see In re Frank*, 480 Pa. 116, 124 n.4, 389 A.2d 536, 541 n.4 (1978) (subsequent statute); rather, it incorporates the rule *Riggins* promulgated. *See Commonwealth ·v. Riggins, supra*, 474 Pa. at 136, 377 A.2d at 151 (requesting Criminal Procedural Rules Committee to draft rules consistent with opinion); comment to Pa.R.Crim.P. 1405. Our Supreme Court has recognized that Rule 1405 was amended to comport with *Riggins*. *See Commonwealth v. Knight*, 479 Pa. 209, 216 n.3, 387 A.2d 1297, 1300 n.4 (1978).

One compelling reason for *Riggins'* requirement is that without a statement of reasons at the time of sentencing, the defendant lacks an opportunity at that time to bring to the court's attention any erroneous facts or conclusions upon which it may have relied and is unable thereafter to file a petition for resentencing challenging the court's reasons for imposing sentence. *See Commonwealth v. Riggins, supra*,

---

* Appellant's claim is preserved for review. As required, he first sought relief in the trial court. *See Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978). After the trial court modified sentence, appellant had no obligation to file another petition for reconsideration. The trial court had already indicated the full extent of the relief it was prepared to grant. The Commonwealth does not argue that appellant should have filed another petition in the trial court. Appellant also contends that his sentence was manifestly harsh and excessive. We do not consider this claim.

474 Pa. at 129 n.16, 377 A.2d at 147 n.16. *Riggins* also emphasized that, after sentencing, a defendant should first seek relief in the trial court, which is best able to recognize the merit of sentencing claims. *Id.*, 474 Pa. at 136, 377 A.2d at 151. *Accord*, Pa.R.Crim.P. 1410 (effective July 1, 1978); *see Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978) (sentencing claim not preserved for appellate review unless first presented to trial court). When the trial court does not state its reasons for the sentence imposed on the record at the time of sentencing, it denies the defendant opportunity for swift relief, ignores the direction of *Riggins* that the trial court consider the merits of sentencing claims in the first instance, and forces appellate courts to make initial determinations of issues which they should consider only on review, if at all.

██ Here, the trial court did not, on the record at the time of sentencing, inform appellant of the reasons for the sentence imposed. Thus, appellant was then unable to assess the court's conclusions or file a petition for reconsideration of sentence specifically challenging the court's reasons. The court modified the sentence, but did not then give its reasons for doing so. Only after appellant filed this appeal did the court, in its opinion, reveal the reasons for the sentence imposed. Regardless of whether appellant's sentence is excessive, *see* note 2 supra, this Court would have to make an initial determination of a claim the trial court should have considered first. Had the trial court had the opportunity to consider appellant's specific contentions, it might have corrected any alleged error and the matter would never have reached the appellate stage. It was to avoid just this situation, and the possible injustice it holds, that *Riggins* required a statement of reasons on the record, at the time of sentencing.

Therefore, we vacate sentence and remand for a sentencing proceeding of record. *See, e. g., Commonwealth v. Jefferson*, 484 Pa. 115, 398 A.2d 971 (1979) (applying *Riggins* to cases on direct appeal at the time it was decided); *Commonwealth v. Fields*, 478 Pa. 479, 387 A.2d 83 (1978); *Commonwealth v. Riggins, supra.*

CERCONE, President Judge, files a concurring opinion.

HESTER, J., files a dissenting opinion.

CERCONE, President Judge, concurring:

Although I agree with Judge Hoffman's opinion, I would add several more points to buttress the holding that *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion) stands for the principle that the basic reasons for sentencing should be placed on the record at the time of sentencing rather than in the judge's opinion after the fact.

The American Bar Association Standards, Appellate Review of Sentences,* recommends at least four major policy reasons to support this position. First, the requirement will force the trial judge to focus on the exact issues involved and improve the rationality of the sentence imposed. Second, a statement of the reasons will be of value to the correctional institution to which defendant is committed. The statement can help the administration place a particular person in the proper program as far as possibilities for rehabilitation are concerned. Third, the statement of reasons may be therapeutic to the defendant. Although such a statement should not be bitter or berating, the defendant should be advised of why a judge has decided upon a certain course of conduct in his sentencing procedure. Fourth, a statement of reasons on the record is essential for our appellate review of the case.

Although appellant in this case was sentenced prior to the effective date of *Riggins*, case law has held that the *Riggins* rule may be applied to cases prior to that date. *Commonwealth v. Jefferson*, 484 Pa. 115, 398 A.2d 971 (1979); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977). Since appellant properly raised a *Riggins*-type issue in this Peti-

* See § 2.3, Comment e, pp. 44–47 (1967). Additional support for this view is found in the Model Sentencing Act § 10. See also N.J. Rules of Crim.P., R. 3:21–4(e) (1978) for a rule similar to Pa.R.Crim.P. 1405.

tion to Vacate Sentence and thereby preserved the question for our review, I agree that *Riggins* requirements have not been met in this case and remand for resentencing.

HESTER, Judge, dissenting:

The majority concludes that the trial court did not comply with *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), thus appellant's sentence must be vacated.

*Riggins* holds that the trial court must state its reasons for the imposition of a particular sentence, on the record, at the time of sentencing, the rationale being that then a defendant might bring to the sentencing court's attention any erroneous facts upon which it relied in imposing sentence.

With this rule, we have no quarrel, its ultimate purpose being the elimination of trial errors at the trial level.

Its application instantly, however, defies common sense. Appellant was originally sentenced to a jail term of 9–23 years. Subsequently, upon petition by appellant, the sentence was modified to a jail term of 8–20 years. One can hardly conclude that this is a situation where a criminal defendant was denied an opportunity to petition the sentencing court for a modification of sentence. In addition, even assuming *arguendo* that the majority is correct, there is no reason to vacate the sentence and remand for resentencing. Appellant, now supplied with the court's "reasons", does not assert anything which would merit a change in his sentence.

The court considered the pre-sentence report, the nature and seriousness of the crime, appellant's involvement in other violent crime and the rehabilitative needs of appellant. The sentence imposed is within the statutory guidelines. Having brought to *our* attention no reasons to alter the sentence as imposed, we see no reason to afford appellant another sentencing hearing.