410 A.2d 758

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joanne MITCHELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided Feb. 1, 1980.

Richard N. Beltzner, Asst. Public Defender, for appellant.

Charles M. Guthrie, Jr., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Joanne Mitchell was convicted by a jury in Berks County of retail theft, criminal conspiracy, and receiving stolen goods. She was sentenced on April 22, 1976, to the State Correctional Facility at Muncy for a term of one and one-half to five years.[1] An appeal from the judgment of sentence was filed in the Superior Court which affirmed by a per curiam order and without opinion. We granted allocatur.

---

1. Sentence was imposed, without objection, by a judge of the Court of Common Pleas, other than the trial judge, who was unavailable.

Mitchell urges the trial court abused its discretion in imposing sentence without taking into consideration certain mitigating circumstances, and erred in not placing on the record the reasons for imposing what is said to be a severe sentence.

The record reveals that Mitchell had no prior criminal record, was the mother of two very young children, and was attending school at the time. In passing sentence, the sentencing judge stated he had "carefully considered all the matters involved and [had] examined the pre-sentence reports and we will follow the recommendations of the probation office." "The matters involved" were not spelled out and the pre-sentence reports were not made part of the record. The record also fails to disclose "the recommendations of the probation office." The trial court did not give any reasons for the sentence in its memorandum opinion filed after this appeal.

In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), we vacated the sentence and remanded for resentencing where the trial court imposed sentence without stating its reasons. The Commonwealth contends that Mitchell's sentence was imposed months before our opinion in *Commonwealth v. Riggins*, supra, was filed and, hence, that the holding in *Riggins* is of no moment here. We disagree.

In *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977), which was pending on direct appeal on the date our decision in *Riggins* was filed, we applied our ruling in *Riggins* and remanded the case for resentencing in light of *Riggins*. We are faced with the identical situation here. The present appeal (a direct appeal from the judgment of sentence) was still in the process of litigation when *Riggins* was decided. Fairness demands that Mitchell be accorded the same consideration given Kostka.

The order of the Superior Court and the judgment of sentence imposed in the trial court are vacated, and the record is remanded to the trial court for the purpose of resentencing.