419 A.2d 96

**COMMONWEALTH of Pennsylvania,**

v.

**James STEWARD, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Filed March 7, 1980.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

PER CURIAM:

On April 24, 1975, appellant James Steward pled guilty to one count of robbery in the Court of Common Pleas, Philadelphia County. Pursuant to the negotiated plea bargain, he was placed on two years probation. Subsequently, on November 24, 1976, appellant was found to have violated the conditions of probation by virtue of his conviction for robbery, theft, and other unrelated offenses. A sentence of five to ten years imprisonment was then imposed after revocation of probation. A petition to reconsider the sentence was granted and appellant was later sentenced to four to ten years imprisonment.[1] This appeal followed.

Appellant avers that the court erred in failing to state the reasons for the sentence imposed. A review of the record bears out appellant's contention that nowhere did the court expressly or impliedly consider the statutory guidelines for sentencing, Act of December 6, 1972, P.L. 1482, No. 334, added December 30, 1974, P.L. 1052, No. 345, or the appellant's individual characteristics and circumstances of the

---

1. The petition to reconsider and the reduced sentence do not appear in the record before us. For their existence, we rely solely on the opinion of the lower court and appellate counsel's representations.

particular offense, *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979); *Commonwealth v. Pauze*, 265 Pa.Super. 155, 401 A.2d 848 (1979); *Commonwealth v. Costlow*, 265 Pa.Super. 108, 401 A.2d 824 (1979); *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978). Although decided subsequent to the imposition of sentence instantly, it is clear that *Riggins* is fully applicable to cases pending on direct appeal at the time it was decided. *Commonwealth v. Jefferson*, 484 Pa. 115, 398 A.2d 971 (1979); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Young*, 272 Pa.Super. 82, 414 A.2d 679 (1979); *Commonwealth v. Roberts*, 263 Pa.Super. 237, 246 fn.6, 397 A.2d 1187, 1191 fn.6 (1978). Further, it is clear that *Riggins* applies where the court imposes sentence following a revocation of probation. *Commonwealth v. Cottle*, 260 Pa.Super. 85, 393 A.2d 1024 (1978).

▬ Accordingly, we must vacate the judgment of sentence and remand to afford the trial court an opportunity to resentence appellant and to include a statement of reasons for the sentence imposed, in compliance with *Commonwealth v. Riggins*, supra.[2]

Judgment of sentence vacated and case remanded for resentencing.

SPAETH, J., files a concurring and dissenting opinion in which CERCONE, President Judge, joins.

**2.** We have examined appellant's remaining contention, that the court improperly dispensed with a pre–sentence report, and find it without merit. Defense counsel suggested appellant had "a drug problem," but the court expressly stated such a condition would have no bearing on the sentence since "a drug problem is [no] excuse for robbery nor will the court consider any [rehabilitative] program where the crime is robbery especially where the court originally had given the defendant probation for the same crime, robbery." N.T. 11/24/76, p. 25. Thus, the court adequately stated the reasons for dispensing with the pre–sentence report. Pa.R.Crim.P. 1403 A(2); *Commonwealth v. Martin*, supra. We note further the relevant amendment to Rule 1403 was not in effect at the time appellant received his sentence.

HOFFMAN, J., concurs in the result.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I agree with the majority that this case must be remanded for resentencing. I also agree with the statement in footnote 2 of the majority opinion that since Pa.R.Crim.P., Rule 1403 was not in effect at the time of sentencing, the lower court did not need to state its reasons for dispensing with a pre–sentence report. *See Commonwealth v. Weitkamp*, 255 Pa.Super. 305, 386 A.2d 1014 (1978). I must disagree, however, with the majority's other statement in footnote 2, that the lower court "adequately stated the reasons for dispensing with the pre–sentence report," and with its consequent conclusion that it is enough simply to remand for resentencing. In my opinion, we should remand for re–sentencing with the instruction to the court that before imposing sentence, it should order a pre–sentence report.

It is settled that the imposition of a proper sentence is a matter vested in the sound discretion of the lower court. *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978). In exercising that discretion, however, the lower court must state on the record its reasons for the sentence imposed, and this statement of reasons must show that the court accorded weight to the statutory guidelines for sentencing and that it carefully considered sufficient and accurate information concerning the circumstances of the offense and the character of the defendant. *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Doyle*, 275 Pa.Super. 373, 418 A.2d 1336 (1979); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).

The sentencing court's usual principal source of sufficient and accurate information concerning the character of the defendant is the pre–sentence report. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). In *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1956),

the Supreme Court of the United States commented on the importance of pre–sentence reports, stating that they "have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information." *Id.* at 249–50, 69 S.Ct. at 1084. Similarly, our Supreme Court has stated that pre-sentence reports "are of obvious importance to the sentencing court." *Commonwealth v. Martin, supra,* 466 Pa. at 134, 351 A.2d at 658. *See also* ABA Project on Minimum Standards of Justice, Standards Relating to Probation § 2.1 (Approved Draft 1970); National Advisory Commission on Criminal Justice, Standards and Goals, Corrections § 16.10 (1973); American Law Institute Model Penal Code Sentencing Provisions § 7.07(1) (Proposed Official Draft, 1962).

The importance of pre–sentence reports is specifically recognized by Rule 1403 A, which is based upon the ABA Standards, and which provides:

Rule 1403. Aids in Imposing Sentence

A. Pre–sentence Investigation Report

(1) The sentencing judge may, in his discretion, order a pre-sentence investigation report in any case.

(2) The sentencing judge shall place on the record his reasons for dispensing with the pre–sentence investigation report if the court fails to order a pre–sentence report in any of the following instances:

(a) where incarceration for one year or more is a possible disposition under the applicable sentencing statutes; or

(b) where the defendant is less than twenty–one years old at the time of conviction or entry of a plea of guilty; or

(c) where a defendant is a first offender in that he has not heretofore been sentenced as an adult.

(3) The pre–sentence investigation report shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the

court in determining sentence. Pa.R.Crim.P., Rule 1403 A.

If the court fails to state its reasons for its failure to order a pre–sentence report in a case within Rule 1403 A(2), this court will vacate the sentence and remand for resentencing. *Commonwealth v. Warren*, 259 Pa.Super. 268, 393 A.2d 821 (1978).

Here, incarceration for one year or more is possible. Consequently, the case is within Rule 1403 A(2), and on remand, even on the majority's remand without instruction, if the lower court should again fail to order a pre–sentence report, it will be required to state the reasons for its failure. The fact that this case involves a sentence imposed for violation of probation does not make any difference, for the requirement that the sentence be based upon sufficient and accurate information and that it be supported by reasons appearing on the record still applies. *See Commonwealth v. Reggie*, 264 Pa.Super. 427, 399 A.2d 1125 (1979); *Commonwealth v. Cottle*, 260 Pa.Super. 85, 393 A.2d 1024 (1978).

In refusing to order a pre–sentence report in this case, the lower court stated:

THE COURT: Mr. Weir, at this point the Court does not believe that a drug problem is an excuse for robbery nor will the Court consider any program where the crime is robbery especially where the Court originally had given the defendant probation for the same crime, robbery. So, therefore, the Court would find no help in receiving such a report. (N.T. 25)

Contrary to the statement in footnote 2 of the majority opinion, this is not an adequate statement of reasons for dispensing with a pre–sentence report. Since the reason for requiring a pre–sentence report is to provide the court with sufficient and accurate information to enable it to impose a proper sentence, and not one based on conjecture or surmise, *see Williams v. New York, supra; Commonwealth v. Martin, supra*, it necessarily follows that the only adequate reason for dispensing with a pre–sentence report in a case within Rule 1403 A(2) is that the sentencing court already has

available such other sources of sufficient and accurate information as to make a pre–sentence report superfluous. Thus, in *Commonwealth v. Martin, supra,* the Supreme Court specifically stated that "[n]ormally such reports should be used, although they are sometimes unnecessary *because other sources of information* are available." *Id.* 466 Pa. at 134, 351 A.2d at 658. (emphasis added). Similarly, Rule 32(c)(1) of the Federal Rules of Criminal Procedure provides that the sentencing court may refuse to order a pre–sentence report only if the defendant waives such a report or if the court "finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record." Fed.R. Crim.P. 32(c)(1) (as amended, 1975). *See also United States v. Rosciano,* 499 F.2d 166–79 (7th Cir. 1974).

It is therefore evident that the principle that the sentencing court may dispense with a pre–sentence report only when the report would be superfluous is a corollary of the principle that the court in imposing sentence may not ignore a defendant's character. *Commonwealth v. Mathis,* 269 Pa.Super. 61, 409 A.2d 63 (1979). To permit, as the majority's footnote 2 does permit, a court to dispense summarily with a pre–sentence report merely because the few facts known to the court concerning the defendant's character do not, in the court's opinion, carry much weight would erode to the point of destroying the requirement that the court consider sufficient and accurate information concerning the defendant's character. It would enable a court to refuse to consider information that if known, would be seen to be of the greatest pertinence to an appraisal of the defendant's character, simply by refusing to order a pre–sentence report, which would have disclosed such information.

One may agree with the lower court that since appellant violated his previous probation, another sentence of probation would be inappropriate. It does not follow that a pre–sentence report containing facts concerning appellant's character is superfluous. The court on remand will still have to decide whether partial or total confinement is appro-

priate, and what term of confinement "is the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Wicks, supra*, 265 Pa.Super. at 310, 401 A.2d at 1225. None of these decisions may be properly made without sufficient and accurate information concerning appellant's character. As the record stands now, no one can tell just what facts concerning appellant's character, if any, the court considered in deciding to impose a sentence of total confinement for four to ten years as opposed to some other term of confinement. Nor is there any basis for supposing that the court had, or on remand will have, sufficient and accurate information concerning appellant's character unless it orders a pre–sentence report.

The judgment of sentence should be vacated and the case remanded for resentencing, with the instruction that before imposing sentence, the court should order a pre–sentence report.

CERCONE, President Judge, joins in this concurring and dissenting opinion.