420 A.2d 658

**COMMONWEALTH of Pennsylvania**

v.

**Edward TURECKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed June 20, 1980.

---

1. The average juror is reluctant to question a trial judge about the legal points involved in a case.

Ronald F. O'Driscoll, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

On March 23, 1978, appellant entered a guilty plea to a charge of retail theft, based on the theft of a coat valued at $275.00 from the Strawbridge & Clothier store, located at Plymouth Meeting, Pennsylvania. Appellant was placed on three years probation conditioned on the successful completion of a drug rehabilitation program. On May 18, 1978, appellant was ordered to undergo in–patient treatment at the Gaudenzia House, Philadelphia, Pennsylvania, which provides a program of treatment for persons suffering from drug related problems. Appellant entered Gaudenzia House

and within two weeks, he absconded from the house and did not return. After being placed on probation, appellant was convicted in Philadelphia, Pennsylvania, of the crime of obstruction of the mail.

A probation revocation hearing was held before Smiley, J., the judge who had placed appellant on probation following his guilty plea to the charge of retail theft. At the probation revocation hearing, which Judge Smiley characterized as a *Gagnon II* hearing, appellant admitted that he had violated his probation. Appellant also stated at the hearing that he left Gaudenzia House without permission and that although they would have taken him back, he refused to return. Appellant gave as his reason for leaving the fact that he did not get along with the head of the department. He also felt that he was not treated the same as other people in the program. His only specific complaint was that when he had "walking privileges" he was supposed to be able to go where he wanted without anyone being with him, but the head of the department or someone else would be with him to supervise him. However, appellant did not complain to his probation officer about his alleged problems at Gaudenzia House.

Following the probation revocation hearing appellant was sentenced to imprisonment for not less than eighteen months, nor more than three years. It is from this judgment of sentence that appellant has filed an appeal to this Court.

The sole question on appeal is whether the sentence is excessive. Although the trial judge did not state his reasons for sentencing appellant when he imposed sentence, he did so in the opinion filed of record in this case.

Following the imposition of sentence on September 6, 1978, appellant filed a Petition for Reconsideration of Sentence. He listed several reasons for reconsideration, but did not raise as an issue the fact that the court below did not state at the time of sentencing the reasons for the sentence. On appeal to this court, the statement of question involved was simply "Whether the sentence imposed was unduly harsh and excessive under the circumstance of the defend-

ant's case." For the first time appellant now contends, in part, that the sentence was excessive because there is "no indication in the record that in imposing sentence the court considered any of the statutory sentencing guidelines, as evidenced by the absence of any reasons or explanation at the time of sentencing." (Appellant's Brief, page 5). Appellant also cites other reasons to support his contention that the sentence was excessive, such as his adverse relationship with the director of treatment at Gaudenzia and the fact that he had a good employment record.

Appellant has waived any objection to the failure of the court below to state its reasons for the sentence at the time of imposing the sentence, as this issue was not raised at sentencing or in appellant's Petition for Reconsideration of the sentence. Our court stated in *Commonwealth v. Morris,* 273 Pa.Super. 477, 417 A.2d 748 (1979), "Appellant did not raise these claims [i. e. that the sentence imposed was excessive and the trial court did not place its reasons for the sentence imposed on the record at the time of sentencing] at sentencing or in a petition for reconsideration of sentence. Therefore, these issues are not preserved for review." (273 Pa.Super., page 482, 417 A.2d, page 751). Where a claim of error is not properly preserved for review, an appellate court will not consider the claim on appeal. *Com. v. Clair,* 458 Pa. 418, 421, 326 A.2d 272, 273 (1974).

There is no doubt that the court below erred in failing to set forth its reasons for the sentence at the imposition of sentence. This is required by Pa.R.Crim.P. 1405.[1] See also *Com. v. Young,* 272 Pa.Super. 82, 414 A.2d 679 (1979) which holds that the court must state its reasons for the sentence at the time the sentence is imposed. We note that the concurring opinion in *Com. v. Young, supra,* points out that the appellant properly raised a *Riggins*—type issue in the petition to vacate sentence thereby preserving the question

1. Pa.R.Crim.P. 1405 provides:
   At the time of sentencing, the judge shall:
   (b) state on the record the reasons for the sentence imposed. Appellant did not raise in the court below and has not raised on appeal the issue of lack of compliance with Pa.Crim.P. 1405.

for appellate review. Such is not the case in the instant matter. "We insist that issues are to be properly preserved for appellate review, both to assure a correct disposition of the merits and conserve judicial resources." *Benson v. Penn Central Transportation Co.*, 463 Pa. 37, 42, 342 A.2d 393, 395 (1975).

Appellant has properly preserved the issue of excessiveness of sentence and we find that the sentence is not excessive under the circumstances of this case. It is now fundamental that the sentencing court must give the reasons for the sentence it imposes. *Com. v. Riggins*, 474 Pa. 115, 133, 377 A.2d 140, 149 (1977); *Com. v. Wertz*, 252 Pa.Super. 584, 585, 384 A.2d 933, 935 (1978). In his opinion the court below stated:

> When the terms of a defendant's release on probation are violated, the probation may be revoked and sentence imposed on the original conviction. 18 Pa.C.S. Section 1371: *Commonwealth v. Preininger*, 230 Pa.Super. 39 [326 A.2d 612] (1974). In the case at hand, successful completion of the Gaudenzia Program was a prerequisite for continued probation. Defendant left Gaudenzia after only two weeks, long before completion of the drug treatment program.
>
> .    .    .    .    .
>
> Defendant has failed to take advantage of the opportunity given him to overcome his drug addiction and correct his behavior without commitment to a penal institution. Even though Gaudenzia was willing to allow defendant to return to the drug program, he refused to go back. Defendant contends he was subjected to discriminatory treatment in the exercise of his privileges while at Gaudenzia as his reason for absconding. Defendant, however, m. .e no attempt to notify his Probation Officer concerning any problems, and when he left, he made no attempt to contact his Probation Officer. There now appears to be no alternative but a drying out process, which can be most effectively provided by confinement in a correctional institution.
>
> .    .    .    .    .

With respect to the harshness of the sentence, from the colloquy on defendant's guilty plea it is clear that defendant fully appreciated that he could serve up to five years in prison for his crime.

"THE COURT: Well, you know you could get two and a half to five years on that retail theft. Do you understand that?

"THE WITNESS: Yes.

"THE COURT: Plus a ten thousand dollar fine. Do you understand that?

"THE WITNESS: Yes, sir."

In view of the circumstances of the case, defendant's sentence is not excessive. The legislative directive is that the sentence imposed should be the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. 18 Pa.C.S. Section 1321(b); *Commonwealth v. Valentin,* [259 Pa.Super. 496, 393 A.2d 935] supra. As long as defendant is addicted to drugs, there is a substantial risk that he will commit another offense. Any sentence less than that imposed would have tended to depreciate the seriousness of the offense committed. Having once been given the opportunity to receive his needed treatment via a therapeutic modality and such course of action having failed, the best source of aid for defendant is available through commitment to a correctional institution.

We must keep in mind that the court below did not sentence appellant to confinement in the first instance. It was only after probation proved unsuccessful that the court imposed confinement. The sentencing judge has the responsibility of evaluating information regarding the circumstances of the offense and the character of the appellant and then must formulate and explain the sentence in light of the guidelines specified in the Sentencing Code. *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979). We are

satisfied in this case that the court below complied with the Sentencing Code. The court in giving its reasons for imposing a sentence of confinement referred to the Sentencing Code although it has not been held that the court's statement of reasons must specifically cite or include the language of the sentencing code. *Commonwealth v. Wicks*, 265 Pa.Super. 305, 314, 401 A.2d 1223, 1227 (1979). Imposition of a proper sentence under the Sentencing Code is a matter within the sound discretion of the trial court. The determination of the court will not be upset unless there is a manifest abuse of discretion. *Commonwealth v. Knight*, 479 Pa. 209, 212, 387 A.2d 1297, 1299 (1978).

The maximum sentence for the crime of which appellant was convicted is imprisonment from two and one–half to five years and a fine of up to ten thousand dollars. The sentence in this case was not excessive and the court below properly considered the legislative guidelines in imposing sentence.

Order affirmed.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I agree that the judgment of sentence should be affirmed, but I am unable to join the majority's opinion, for I regard it as inconsistent with *Commonwealth v. Young*, 272 Pa.Super. 82, 414 A.2d 679 (1979).

*Commonwealth v. Riggins*, 474 Pa. 115, 133, 377 A.2d 140, 149 (1977), held that the sentencing judge must state the reasons for the sentence, and that if he did not, the sentence would be vacated and the case remanded for resentencing. The question then arose whether *Riggins* could be satisfied by stating the reasons for the sentence in an opinion filed some time after the sentence had been imposed. *Young* held no–that the only way the sentencing judge could satisfy *Riggins* was to state the reasons for the sentence when the sentence was imposed.

*Young* applies to this case, because this case was on direct appeal when *Young* was decided. *Cf. Commonwealth v.*

*Mitchell*, 487 Pa. 569, 410 A.2d 758 (1980) (*Riggins* applies to all cases on direct appeal when *Riggins* was decided); *Commonwealth v. Jefferson*, 484 Pa. 115, 398 A.2d 971 (1979) *(semble)*. Accordingly, if appellant had argued to the sentencing judge, either at the time of sentencing or later, by petition for reconsideration of the sentence, that the judge had erred in failing to state the reasons for the sentence when the sentence was imposed, we should have been obliged to vacate the sentence and remand the case for resentencing. In fact, however, appellant did not so argue to the sentencing judge. Since he did not, he has waived his right so to argue to us. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

This said, our discussion of the case should end. The majority's discussion however, continues. Specifically, the majority goes on to consider whether the sentence was excessive, and decides that it was not. The majority satisfies itself that the sentence was not excessive by considering the reasons for the sentence as stated in the opinion filed after the sentence was imposed. Thus the majority confers legitimacy on the opinion: it regards the opinion as entitled to consideration. Under *Young*, however, the opinion, as a belated statement of reasons, is not entitled to consideration; it should therefore have been ignored.