420 A.2d 1134

**COMMONWEALTH of Pennsylvania**

**v.**

**Kevin GIFFIN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Filed June 27, 1980.

---

**4.** Defendant received concurrent sentences of from two to ten years in prison.

William M. Panella, New Castle, for appellant.

Donald E. Williams, District Attorney, New Castle, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH, HESTER and WATKINS,* JJ.

WATKINS, Judge:

This is an appeal from the sentence of the Court of Common Pleas of Lawrence County, by the defendant–appellant, Kevin Giffin.

The defendant pled guilty to the charge of corrupting the morals of a minor on April 19, 1977. He was sentenced on July 19, 1977 to pay the costs of prosecution, a fine of $2500.00 and to undergo imprisonment for a term of not less than two (2) years nor more than five (5) years. He was given credit for thirty–two (32) days already served.

* WATKINS, J. is sitting by designation.

Defendant had been charged with statutory rape, three counts of prostitution, and corrupting the morals of minors. He was one of several males who had set up a thirteen year old female in various hotel rooms where she performed sexual favors for other men who paid the males for their liasons. Defendant pled guilty to corrupting the morals and one count of prostitution pursuant to a plea bargain whereby the statutory rape charges were nolle prossed and defendant was to give testimony against the other males involved in the above–described scheme. Defendant gave testimony against the co–defendants at preliminary hearings and before the Grand Jury. He then disappeared and had to be extradited from California. He waived extradition from California after being promised by the Lawrence County, Pennsylvania, District Attorney that the Commonwealth would abide by the original plea bargain. He was then returned to Pennsylvania where he was sentenced on July 19, 1977 as set forth above. At his sentencing, defendant claimed that he went to California because he had been shot at in Pennsylvania and was in fear for his life because of the co–operation he had given the police regarding the other participants in the prostitution scheme. Defendant now appeals his sentence claiming that it is so manifestly excessive as to constitute too severe a punishment and that it was unlawful because the court below failed to articulate the reasons justifying defendant's sentence. He appealed on July 26, 1977.

Generally, the imposition of a sentence by the court is a matter within the sound discretion of the trial court and will not be disturbed on appeal so long as it is within statutory limits. *Commonwealth v. Hill,* 453 Pa. 349, 310 A.2d 88 (1973). However, the sentencing court must at least consider the particular circumstances of facts and character of the defendant in its sentencing determination, and the failure to give such individualized consideration requires that the sentences be vacated. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). In *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), decided on August

17, 1977, the court held that the sentencing court should place its reasons for imposition of the particular sentence on the record. In the instant case the only reason for the sentence which the sentencing court placed on the record was that appearing in its opinion wherein the court stated: "By reason of his being the provocator in the corrupting of the morals of the minor involved and her participation in other offenses with other individuals, we were of the opinion that the defendant would be a risk to society unless a sentence of imprisonment was imposed. We were of the further opinion that he was in need of correctional treatment that could be most effectively provided by his commitment to a penal institution, and, in considering all of the offenses with which he was charged and in light of the plea bargain, the sentence imposed was proper." During both the sentencing colloquy and the plea colloquy, the defendant vigorously contested the finding that he was the provocator of the crimes and stated that he received only $2.00 as a result of the scheme. Moreover, the record of the plea colloquy does not reveal what prison term or fine the parties had agreed to or whether any such specific prison term or fine had been agreed to at all. The only plea arrangement appearing from the colloquy is that the defendant would plead guilty to corrupting the morals and prostitution, co-operate with the prosecutions of the other individuals involved in the scheme, and that the statutory rape charges would be nolle prossed. This offer was apparently made again to defendant in order to get him to waive extradition. At the sentencing colloquy the court failed to state the reasons for the sentence. Of course, the sentencing took place a month prior to the Supreme Court's decisions in *Riggins*, supra. Nevertheless, we are troubled by the fact that the reasons for the sentence imposed upon defendant are not apparent from the record, and because in its opinion the court refers to the plea bargain and its terms are not apparent from the record. Due to the paucity of the record regarding the reasons for defendant's sentence and the confusion surrounding the exact terms of the plea bargain we are remanding this case for resentencing.

We direct the sentencing court, upon remand, to determine the exact terms of the plea bargain, including whether a sentence or fine was recommended by the Commonwealth, and to state its reasons for its sentence in accordance with *Riggins*, supra.

Judgment of sentence vacated, and case remanded for resentencing.

HOFFMAN, J., files a concurring statement in which SPAETH, J., joins.

CERCONE, President Judge, and PRICE and HESTER, JJ., filed dissenting statements.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HOFFMAN, Judge, concurring:

I join the majority opinion but write separately to emphasize two matters. First, our Supreme Court has held that the rule announced in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), applies to cases which were on direct appeal at the time of that decision. *Commonwealth v. Mitchell*, 487 Pa. 569, 410 A.2d 758 (1980); *Commonwealth v. Jefferson*, 484 Pa. 115, 398 A.2d 971 (1979); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977). Therefore, we *must* apply the *Riggins* rule to this case. Additionally, our Court has held that *Riggins* requires the trial court to state its reasons for the sentence imposed on the record at the time of sentencing, rather than in its opinion. *Commonwealth v. Young*, 272 Pa.Super. 82, 414 A.2d 679 (1979). Therefore, even if the reasons stated in the trial court's opinion in this case were sufficient to meet the *Riggins* requirement, it would still be necessary to remand for resentencing.

SPAETH, J., joins in this concurring statement.

CERCONE, President Judge, dissenting:

I dissent. As I view this case, the trial judge has furnished a statement of reasons which are sufficient to establish that he did not abuse his discretion in imposing the particular sentence chosen.

PRICE, Judge, dissenting:

I respectfully dissent because I believe the majority ignores the mandate of Pa.R.A.P. 1925(b). Pursuant to Pa.R.A.P. 1925(b), the trial judge entered an order directed to appellant to file a concise statement of the matters complained of on appeal. In response to that order, appellant, by counsel, filed the following:

"STATEMENT OF MATTERS ON APPEAL

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

Pursuant to the Order of Court of September 21, 1977, Kevin Giffin has appealed judgment of the sentence.

Mr. Giffin has also requested that he be allowed to withdraw his guilty plea, which has been denied by this Court of Common Pleas.

William M. Panella
William P. Panella
Assistant Public Defender"

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the Opinion of Judge Reed of the court below.

Appellant's brief to this court upon appeal states the questions involved to be:

"STATEMENTS OF QUESTIONS INVOLVES[sic]

1. Whether the sentence imposed upon the Appellant was so manifestly excessive as to constitute too severe a punishment.

2. Was there sound and just reasons by the Court justifying the sentence of Appellant?"

It is doubtful that appellant's response to the order complies in any respect with the intent of Pa.R.A.P. 1925(b), but it certainly does not, in my opinion, give the trial judge notice of the matters complained of on appeal, concisely or otherwise. Since I construe the record as a failure to comply with the direction of the trial judge, I would hold the questions raised in this appeal to be waived under the authority of Pa.R.A.P. 1925(b).

I would affirm the judgment of sentence.