441 A.2d 408

**COMMONWEALTH of Pennsylvania**

**v.**

**Roberto AVILES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Feb. 5, 1982.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Michael H. Ranck, District Attorney, Lancaster, for Commonwealth, appellee.

Before HESTER, WIEAND and SHERTZ, JJ.

SHERTZ, Judge:

This is an appeal from a Judgment of Sentence. Appellant's sole contention on appeal is that the trial court abused its discretion in imposing a prison sentence in that a supervised probationary period, which would include treatment for alcoholism, would be a more effective vehicle to rehabilitate Appellant than would total confinement. We disagree and therefore affirm.

On September 21, 1978, Appellant, Roberto Aviles, pleaded guilty to Arson.[1] Appellant was sentenced to pay costs and a $100 fine, to make restitution to the victim and to serve a term of imprisonment of 6 months to 23 months.[2] On February 22, 1979, he was granted parole effective March 1, 1979.

---

1. 18 Pa.Cons.Stat.Ann. § 3301(a) (Purdon 1976).

2. Under 18 Pa.Cons.Stat.Ann. § 3301(a) (Purdon 1976), arson is a felony of the first degree punishable by a maximum of 20 years imprisonment and/or a $25,000 fine.

On December 26, 1979, Appellant was charged with Burglary[3] and Theft,[4] on which charges[5] he entered a guilty plea on February 11, 1980. Appellant's parole was revoked and he was sentenced to pay costs and to serve a term of imprisonment of 6 months on the arson conviction. He was also sentenced to serve a term of imprisonment of one and a half to three years on the burglary conviction,[6] the latter sentence to be served consecutively to the former. Appellant's motion to modify the sentences was denied and this appeal followed.

■■■ In order for a sentence to constitute an abuse of discretion, the sentence must either exceed statutory limits or be manifestly excessive. *Commonwealth v. Campolei*, 284 Pa.Super.Ct. 291, 425 A.2d 818 (1981); *Commonwealth v. Jezorwski*, 280 Pa.Super.Ct. 178, 421 A.2d 464 (1980). Neither criterion is here present. The prison sentences imposed did not exceed the maximum statutory limits nor are they excessive.

■■■ In imposing these relatively modest sentences, the trial court properly considered the protection of the public, the gravity and circumstances of the offenses and the rehabilitative needs of Appellant, as well as his character. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). In its opinion[7] the court stated:

**3.** 18 Pa.Cons.Stat.Ann. § 3502 (Purdon 1979).

**4.** 18 Pa.Cons.Stat.Ann. § 3921(a) (Purdon 1976).

**5.** The Theft offense merged with the Burglary conviction, 18 Pa.Cons. Stat.Ann. § 3502(d) (Purdon 1979).

**6.** Under 18 Pa.Cons.Stat.Ann. § 3502 (Purdon 1979), burglary is a felony of the first degree punishable by a maximum of 20 years imprisonment and/or a $25,000 fine.

**7.** The lower court improperly failed to set forth its reasons for the sentences at the time of their imposition, as required; *Commonwealth v. Cappiello*, 284 Pa.Super.Ct. 476, 426 A.2d 146 (1981); *Commonwealth v. Young*, 272 Pa.Super.Ct. 82, 414 A.2d 679 (1979), but did so in its opinion filed subsequently. However, Appellant has waived any claim of error, having failed to raise any objection thereto at the time of sentencing or in his Petition for Reconsidera-

When the defendant was sentenced on the arson charge he received six to twenty-three months on a felony first-degree charge. The desire for rehabilitation was manifest in the action of the court. As a condition of parole he was required to participate in the Alcohol Impaired Driver program. Disregard for the authority of the court by failure to attend a program by which it was hoped that a problem might be helped has been established.[8] Commission of another first-degree felony during parole has made it requisite that imprisonment be imposed in the revocation of parole.

T.C. Slip Op. at 2, 3.

In view of the foregoing, we conclude that the lower court did not abuse its discretion.

The judgment of sentence is affirmed.

WIEAND, J., concurs in the result.

The case was decided prior to the expiration of SHERTZ, J.'s commission of office.

tion of the sentence. *Commonwealth v. Turecki*, 278 Pa.Super.Ct. 511, 420 A.2d 658 (1980).

8. Parole violations: (1) Failure to attend Alcohol Impaired Driver program from May 21, 1979 to June 25, 1979, N.T. at 4; (2) Failure to give notice to probation office of change of address and of the fact he had left his employment, N.T. at 5.